ANDREW B. SUNTER & another *vs.* WILLIAM M. SUNTER.

Suffolk.   January 10, 1908. — March 2, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, & SHELDON, JJ.

*Equity Jurisdiction,* Accounting.   *Trust,* Constructive.

A guardian of three minors, assuming to act under power given by a decree of the
Probate Court, conveyed land of the wards to himself through a third person,
built a house thereon, and, after some years, conveyed the property without
consideration to one of the wards.   After a decree in a suit in equity brought
by the other two wards after becoming of age against him who received the
property, directing him to convey to the plaintiffs a two thirds undivided interest
therein upon their paying to him such amount as might be found to be due upon
a certain accounting between the parties, it was *held,* with regard to the account-
ing, that the plaintiffs should be charged with two thirds of the value of the im-
provement to the land by the addition of the house, with two thirds of the
amount paid by the guardian and by the defendant for taxes upon the land
exclusive of the house up to the date of the commencement of the suit, and with
two thirds of all the defendant's proper expenditures for taxes, repairs and insur-
ance upon the land and house after the time of the commencement of the suit;
and that the defendant should be charged with two thirds of the rental value of
the land without the house from the time when the guardian received a deed
of it to the time of the commencement of the suit, and with two thirds of the
value of the rental of the land and house for the time since the commencement
of the suit.

BILL IN EQUITY, filed April 25, 1904, in the Superior Court
for the county of Suffolk, seeking a conveyance to the plaintiffs
from the defendant of an undivided two thirds part of a parcel
of land which was conveyed to the defendant by Jane Sunter,

the mother of the plaintiffs and the defendant, she previously, while assuming to act as their guardian and under a license of the Probate Court ordering the sale of the property for their maintenance, having indirectly conveyed the land to herself. The bill also sought an accounting for all the rents and profits of the property while it wrongfully was in the possession of the defendant and of Jane Sunter.

The case has already been before this court and the decision, reported in 190 Mass. 449, held, in substance, that the plaintiffs might maintain their bill both as to obtaining a conveyance of a two thirds interest in the property, and as to requiring an accounting for the rents and profits of the property while it wrongfully was in the possession of Jane Sunter and of the defendant; but that the master to whom the case was referred erred in refusing to charge the plaintiffs in the accounting " with their share of the increased value of the property due to the improvements " put upon it by Jane Sunter after she received a deed of the premises, " less their part of the net rents and profits " ; and the rescript stated : " In stating the account the plaintiffs must be charged with two thirds of the value of any permanent improvements annexed by Jane Sunter, but they are to be credited with two thirds of the rent and profits received by or properly chargeable to her while she held the title ; from the rents or profits so ascertained taxes, repairs, and insurance to the extent of two thirds parts are to be taken, the amount to be allowed for rents and profits is not to exceed the value of the plaintiffs' contributory share of the improvements."

After rescript the case was recommitted to the master, who filed a second report in which he found that the fair value of the improvement placed upon the premises by Jane Sunter after she obtained title was $3,500, and that the value of the land alone was $1,000.  He ruled that the rents and profits of the land only should be considered in determining the set-off of the plaintiffs, and found that the land without the house upon it would be practically unproductive, that the fair rental value thereof, during the period Jane Sunter held the title, would have been $20 per year, that the total rents and profits of the land alone, during the time Jane Sunter held the title, was $325.21, and that the plaintiffs' share of this latter sum, which is what

they are entitled to set off against their contributory share of the value of the improvement, was $216.80.

He further found that, during her life, Jane Sunter had expended upon the property for taxes and insurance the sum of $761.89, but that there was no evidence before him that she paid anything for repairs, that the plaintiffs' proportion of this sum was $507.92, and, as that was more than their share of the rents and profits, he ruled and found that the plaintiffs were not entitled to any set-off from the amount which they must contribute on account of Jane Sunter's expenditure for improving the property.

He also found that the fair rental value of the house and land was $35 per month and that the rents and profits thereof from December 24, 1903, the date when the defendant acquired title, "to the present date," amount to $1,365; that of this sum the defendant was chargeable with a two thirds part, or $910, that the amount which should be deducted from $910, being two thirds of the defendant's expenditures for the benefit of the property, as shown in his former report, was $326.02, leaving a difference of $583.98, which was the amount that he found that the defendant was chargeable with since he acquired title. Deducting this balance of $583.98 from the amount of the plaintiffs' contributory share on account of improvements made by his mother, $2,333.33, he found that the net amount which the plaintiffs should pay to the defendant upon a conveyance to them of their interest in the property was $1,749.35.

Jane Sunter obtained possession of the premises September 2, 1887, built a house thereon, and on December 24, 1903, conveyed the property to the defendant.

The plaintiffs excepted to the master's report (1) because he ruled that the rents and profits of the land only should be considered in determining the set-off of the plaintiffs; (2) because he ruled that, during the period that Jane Sunter held title, the plaintiffs were entitled to set off their share of the clear annual value of the land only ; (3) because, in stating the account, he did not state the rents and profits of the property with the improvements, that is for both the house and the land, from September 2, 1887, to December 24, 1903, or from such date in 1887 or 1888 as said house was completed for occupancy ;

(4) because he did not allow to the plaintiffs their share of the rents and profits of the property with the improvements, that is for both the house and the land, for the period of time specified in the third exception.

The defendant excepted (2) to that portion of the report wherein the master found that " the plaintiffs' proportionate share of the sum of $761.89 expended by Jane Sunter for taxes and insurance was $507.92, and, this sum being greater than the plaintiffs' share of the rents, he did not rule that the plaintiffs should be chargeable with said sum of $507.92, and that the defendant should be allowed that sum in restating the account"; (3) to that portion of the report wherein the master found that the rents and profits of said house and land from December 24, 1903, the date when the defendant acquired title, to the present date amounted to $1,365, and that the defendant was chargeable with two thirds of that sum, or $910; (4) to that portion of the master's account wherein he found that the rent of the premises during the period that the defendant has held title, " to wit, from December 24, 1903, to date," at $35 per month, was $1,365, and that the defendant was accountable for two thirds thereof, or $910; (5) because the master did not find or rule that the plaintiffs were chargeable with the difference between their share of the rents and profits of the land, namely, $216.80, and the amount with which they were chargeable for repairs and insurance, namely, $507.92; leaving a balance in favor of the defendant of $291.12; (6) to that portion of the master's report wherein he found and stated that, if the house was severed from the land and moved away, it would be practically worthless, except for the materials, which he found would be worth $200; (7) to the master's report wherein he refused to rule that the plaintiffs were entitled to their share of the clear annual value of the land only as if said land were vacant, not including the rental value of the house placed thereon by Jane Sunter, during the period that the defendant held the title thereof, as well as during the period his mother held the title.

There was a hearing before *Sanderson,* J., who overruled all of the exceptions and entered a decree confirming the second report of the master, directing that the plaintiffs pay the defend-

ant $1,749.35 and interest from the date of the filing of the bill, and that, upon such payment, the defendant convey to each of the plaintiffs an undivided one third part of the premises. Both the plaintiffs and the defendant appealed.

*B. S. Ladd,* (*T. E. Strange* with him,) for the plaintiffs.

*M. J. Jordan,* (*J. D. Graham* with him,) for the defendant.

SHELDON, J. The effect of the plaintiffs' success in avoiding the deeds given by Jane Sunter is that they become entitled to two undivided thirds of the premises, while the defendant remains the owner of the other undivided third part. It is the same as if they had recovered a judgment in a writ of entry for possession of that part of the estate, although their rights are to be enforced by ordering the defendant to convey to them instead of issuing an execution against him. *Sunter* v. *Sunter,* 190 Mass. 449. And, as was stated in that decision, the defendant is entitled to allowance for two thirds of the value of the improvement made by the erection of a house upon the premises, in accordance with the provisions of R. L. c. 179, § 17. The value of this improvement has been found by the master to be $3,500; and the plaintiffs are therefore chargeable with two thirds of this sum, or $2,333.33; and the master has correctly so ruled.

The master was also correct in his ruling that only the rents and profits of the land should be considered in determining the set-off of the plaintiffs. That is the express language of R. L. c. 179, §§ 14, 15. But there should not be allowed against this sum the total amount expended by Jane Sunter during her life for taxes upon the whole estate, but only for the taxes upon the land. This again is the direct language of § 14 just cited; and evidently the plaintiffs, taking their share of the house at its value when they brought their suit and having no benefit of its rents and profits during their mother's occupancy, are not to be charged with taxes, repairs or insurance during that period upon the house from which they had and are allowed no benefit. The language of the court in the former decision in this case in 190 Mass. 449, which seems to have been misunderstood by the master, was not intended to state a different rule from this. Apparently, if the account had been stated in this way, there would have been a balance in favor of the plaintiffs out of the rents and profits of the land during the time that the title was

held by their mother, Jane Sunter; but as it was not found what was the amount of the taxes upon the land during this time, this does not certainly appear. The master was right also in declining to charge the plaintiffs with anything more than their share of the fair value of the improvements.

The account for the time after the defendant entered into occupation should be taken in the same manner up to the date of the plaintiffs' bringing their suit. As they are to be treated as having then purchased the house at its then fair value, after that time the defendant should be charged with the total amount of the rents and profits, less his proper expenditures for taxes, repairs and insurance upon two thirds of the whole estate, as was stated in the former decision of this case. *Sunter* v. *Sunter*, 190 Mass. 449, 458. We find no other errors in the master's report.

Accordingly the decree of the Superior Court must be reversed, and a decree entered sustaining the plaintiffs' second and third exceptions in part, and the defendant's third and fourth exceptions, and his seventh exception in part, and overruling all the other exceptions of both parties, and recommitting the case to the master to state the account in accordance with this opinion. We may add that the plaintiffs should not be required absolutely to pay the amount with which they may be charged, as was done, probably by inadvertence, in the decree appealed from. It is in their option whether they will or will not pay that amount and take their share of the property.

*Ordered accordingly.*