ANDREW B. SUNTER & another *vs.* WILLIAM M. SUNTER.

Suffolk. November 29, 1909. — January 12, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Executor and Administrator. Equity Jurisdiction,* For an accounting, For reconveyance of land wrongfully conveyed. *Equity Pleading and Practice,* Appeal, Decree. *Interest.*

In a suit in equity by a brother and sister against their brother to compel him to transfer to each of the plaintiffs an undivided third of certain real estate, which had belonged in common to the plaintiffs and the defendant and which their mother while acting as their guardian had caused to be conveyed to herself and afterwards had conveyed to the defendant, it had been determined that the plaintiffs were entitled to the conveyances which they sought upon paying to the defendant the proper compensation for improvements, and a master to whom the case had been referred had found that a net balance of about $1,500 was due to the defendant from the plaintiffs as compensation for the buildings put upon the land by their mother. The administrator of the estate of the mother filed a motion to be allowed to intervene in the suit for the purpose of claiming the fund of about $1,500 found by the master to be due from the plaintiffs. The motion was denied, and the administrator of the mother appealed. *Held,* that the fund never was the personal property of the mother, and in no event could the administrator of her estate have any claim to it.

In a suit in equity to compel the defendant to convey to each of, two plaintiffs an undivided third of certain real estate, a final decree was made ordering the defendant to make the conveyance prayed for if the plaintiffs should elect to take a conveyance of two thirds of the land and should within sixty days pay to the defendant a certain sum of money for improvements. The plaintiffs instead of making the payment appealed from the decree. The defendant contended that because the plaintiffs had failed to make the payment within the sixty days their bill should be dismissed. *Held,* that there was nothing in the contention, as under R. L. c. 159, § 19, all proceedings under the decree appealed from were stayed by the entry of the appeal.

Under R. L. c. 159, § 19, an appeal from a final decree in equity vacates the decree, and after such an appeal a new decree has to be entered whether the decree appealed from was right or wrong.

In a suit in equity to compel the defendant to convey to each of two plaintiffs an undivided third of certain real estate, the defendant was ordered to convey to the plaintiffs two thirds of the land in question upon the plaintiffs paying to the defendant a proper sum for improvements. A master to whom the case was referred found that two thirds of the value of the buildings put upon the land by the person under whom the defendant claimed was about $2,300. He also found that the taxes on the land for the period ending with the filing of the bill exceeded the rental value of the land for that period by about $100. He thereupon charged the plaintiffs with two thirds of this deficit of about $100 in addition to the two thirds of about $2,300, the value of the improvements. *Held,* that, although if the land had yielded any net rents and profits during the period in question the plaintiffs could have set them off against the sum due from them to the defendant for the improvements, yet, as there were no net rents and profits during that period, there was nothing to set off, but that there was no ground on which the defendant could make the plaintiffs pay two thirds of the sum of about $100, which was the loss of the defendant in carrying the land, in addition to their share of the improvements.

On an appeal from a final decree in a suit in equity where the appealing party filed no exceptions to the report of a master to whom the case was referred, it is open to him to show that the decree was not warranted by the facts as found by the master.

In a suit in equity to compel the defendant to convey to the plaintiffs undivided shares of certain real estate owned in common by the plaintiffs and the defendant, where buildings had been put upon the land by the person under whom the defendant claimed and it was ordered that the defendant should convey to the plaintiffs the shares of the land claimed by them on their paying to the defendant their proportionate part of the value of the improvements upon the land, it appeared that for the period ending with the filing of the bill there were no net rents and profits, and it was *held,* that to entitle the plaintiffs to their share of the rents and profits, from the buildings as well as from the land, after the filing of the bill, they must pay to the defendant their share of the improvements as of the date of the filing of the bill; that, on doing so, they would be entitled to their share of the rents and profits as of the dates when they were received, and that, for the purpose of computing interest, the rents might be taken to have been received on their average due date, which would be a day half way between the beginning and the end of the period.

In a suit in equity to compel the defendant to convey to the plaintiffs undivided shares of certain real estate owned in common by the plaintiffs and the defendant, where buildings had been put upon the land by the person under whom

the defendant claimed and it was ordered that the defendant should convey to the plaintiffs the shares of the land claimed by them on their paying to the defendant their proportionate part of the value of the improvements upon the land. The master to whom the case was referred, in computing the amount to be paid by the plaintiffs and the sum to be deducted from that amount on account of the rents and profits received by the defendant after the filing of the bill, credited the plaintiffs with their share of the full amount of all such rents as of the date of the filing of the bill, instead of crediting them with their share of the rents as of their average due date, and thus charged the plaintiffs with less interest than they should have been charged with. A judge made a final decree confirming the master's report. From this decree the plaintiffs appealed. No appeal was taken by the defendant. At the argument before this court the defendant made no complaint as to the amount of interest required to be paid to him by the terms of the decree. *Held,* that, no complaint as to the amount of interest having been made by the defendant, it was not necessary to consider whether it would have been open to him to complain of this error on the plaintiffs' appeal.

In a suit in equity to compel the defendant to convey to the plaintiffs undivided shares of certain real estate owned in common by the plaintiffs and the defendant, where buildings had been put upon the land by the person under whom the defendant claimed, it was ordered that the defendant should convey to the plaintiffs the shares of land claimed by them on their paying to the defendant their proportionate part of the value of the improvements. A master to whom the case was referred made a report as to the amount to be paid by the plaintiffs and the sum to be deducted from that amount on account of the rents and profits received by the defendant. The amount of the rents and profits found by the master included all rents received to the date of the last hearing before him. A judge made a final decree confirming the master's report, and the plaintiffs appealed. In regard to a modification of the decree, it was *held,* that in case the plaintiffs should elect to make compensation for their share of the improvements and to take a conveyance of their interest in the land, they would be entitled, on paying their share of the sum paid for the improvements and interest thereon, to their share of the rents and profits up to the date of the conveyance, which would require a further accounting if the parties did not agree; and that, on the other hand, if the plaintiffs should not elect to pay the money and take a conveyance, that fact should be established by the defendant on the record, and a final decree should be entered stating the fact and dismissing the bill on that ground; that, in case the plaintiffs should elect to take a conveyance, the interest to be paid by them should be computed up to the date of the last hearing before the master, and that interest from that date to the date of the conveyance should be paid only as part of the settlement of the rents and profits for the subsequent period.

BILL IN EQUITY, filed in the Superior Court on April 25, 1904, by Andrew B. Sunter and Jennie B. Bolton, children of Andrew B. Sunter and Jane Sunter, against their brother William M. Sunter, praying that the defendant might be ordered to convey to each of the plaintiffs an undivided third part of a certain parcel of real estate in that part of Boston called

Dorchester, which had belonged to the plaintiffs and the defendant in common and which had been conveyed to the defendant by Jane Sunter, the mother of the plaintiffs and the defendant, who had been their guardian before they came of age and who died on February 24, 1904, and for an accounting for all the rents and profits received from the real estate in question by Jane Sunter and the defendant.

In the Superior Court the case was referred to Alfred W. Putnam, Esquire, as master, and later was heard by *Sheldon*, J., upon the defendant's exceptions to the master's report. He found that each of the plaintiffs was entitled to a conveyance of one undivided third part of the premises in controversy, and that the plaintiffs further were entitled to a judgment for the sum of $233.98, with interest from the date of the filing of the bill. The defendant appealed; and in a decision of this court, reported in 190 Mass. 449, it was held, that, on the defendant conveying to each of the plaintiffs one undivided third part of the property, and on an accounting by the defendant for the rents and profits of the plaintiffs' shares of the property after the defendant obtained possession, the plaintiffs must contribute their proportionate part of the enhanced value of the common property due to the improvements made upon it by their mother, setting off against this their shares in the rents and profits during their mother's occupation after deducting the sums expended by her for taxes, repairs and insurance, but being allowed nothing in excess of the sum charged to them for improvements.

Thereafter the case was recommitted to the same master, who filed a second report, to which both the plaintiffs and the defendant filed exceptions. *Sanderson*, J., made a decree overruling all the exceptions and confirming the second report of the master, ordering that the plaintiffs pay to the defendant the sum of $1,749.35, and interest from the date of the filing of the bill, and that upon such payment the defendant should convey to each of the plaintiffs an undivided one third part of the premises. Both the plaintiffs and the defendant appealed; and in a decision of this court, reported in 198 Mass. 137, it was held, in regard to the accounting, that the plaintiffs should be charged with two thirds of the value of the improvement to the land by the addition of the house, with two thirds of the amount paid

by the guardian and by the defendant for taxes upon the land exclusive of the house up to the date of the commencement of the suit, and with two thirds of all the defendant's proper expenditures for taxes, repairs and insurance upon the land and house after the time of the commencement of the suit; and that the defendant should be charged with two thirds of the rental value of the land without the house from the time when the guardian received a deed of it to the time of the commencement of the suit, and with two thirds of the value of the rental of the land and house for the time after the commencement of the suit.

After the rescript the case was recommitted to the master, who filed a third report. The subsequent proceedings are described in the opinion. The final decree from which the plaintiffs appealed was made by *Fox*, J.

*B. S. Ladd*, (*T. F. Strange* with him,) for the plaintiffs and for the administrator of the estate of Jane Sunter.

*M. J. Jordan*, (*J. D. Graham* with him,) for the defendant.

LORING, J. By an interlocutory decree entered pursuant to the rescript of this court dated March 2, 1908, (*Sunter* v. *Sunter*, 198 Mass. 137,) this case was recommitted to the master to state the account between the parties. The master's report was filed on January 6, 1909. He found that the net balance due to the defendant from the plaintiffs was $1,516.54.

After the coming in of that report the entry of a final decree was postponed on motion of the plaintiffs to await the appointment of an administrator of the estate of the mother of the plaintiffs and of the defendant, and to give the administrator an opportunity to apply to intervene in this suit. One Berry was appointed administrator of the mother's estate, and later on filed a motion to be allowed to intervene in this suit for the purpose of claiming the fund of $1,516.54 found by the master to be due from the plaintiffs. This was denied. From the order denying this motion for leave to intervene an appeal was taken by the administrator.

No exceptions were taken to the master's report, and on April 1, 1909, a final decree was entered directing the defendant to convey to the plaintiffs two undivided third parts of the premises in question upon their paying to the defendant the sum of

$1,516.54, with interest from the date of the filing of the plaintiffs' bill, and giving to the plaintiffs sixty days from the date of the decree in which to elect whether they would or would not make the payment and take the conveyance. The decree further provided that if they did not make the payment the "bill shall be dismissed." From this decree the plaintiffs took an appeal.

1. The fund which the master found to be $1,516.54 in amount comes to the defendant as compensation for the buildings put by his mother (under whom he claims title) upon what it now turns out was the land of the plaintiffs more than six years before the filing of the bill. If the deed by the mother to the defendant had been set aside for fraud or otherwise and thereby the same situation had been brought about as would have been the case had the mother died seised of the land, the defendant's right to this fund would have been defeated. But the fund never was the personal property of the mother, and in no event can the administrator of her estate have any claim to it.

2. The defendant has argued that this bill should be dismissed because the sixty days have expired (within which by the terms of the decree entered in the Superior Court the plaintiffs were to pay to the defendant $1,516.54 with interest, if they elected to take a conveyance of their two thirds of this land) without that payment having been made. There is nothing in that contention. The plaintiffs had a right to appeal from that decree in order to have the correctness of it passed upon by this court; and on their taking an appeal from it and entering that appeal in this court all proceedings under the decree appealed from were stayed by force of R. L. c. 159, § 19. After an appeal from a final decree a new decree has to be entered whether the decree appealed from was right or wrong. It follows that the failure of the plaintiffs to pay the sum stated to be due within the time specified in the decree is not a bar.

3. There is one error in the decree which should be corrected.

The master found that two thirds of the value of the buildings put upon the land by the mother was $2,333.33. He next found that the taxes on the land for the period ending with the filing of the bill exceeded the rental value of the land for that period by $107.47. He thereupon charged the plaintiffs with

two thirds of this deficit of $107.47 in addition to two thirds of $2,333.33, the value of the improvements put upon the land.

If the land had yielded any net rents and profits during this period, the plaintiffs could have set them off against the sum due from them to the defendant for the improvements. That is the rule at law; R. L. c. 179, §§ 23, 24; and it was decided in *Sunter* v. *Sunter*, 190 Mass. 449, that the rule at law was to be applied in this suit.

But in the case at bar there were no net rents and profits of the land for the period ending with the filing of this bill. On the contrary the taxes on the land exceeded the annual value of it. There is no ground on which the defendant can make the plaintiffs pay in addition to their share of the improvements their share of this loss in carrying the land, although (as we have said) the plaintiffs could have set off against their share of the improvements their share of the net rents and profits if there had been any. This is open on the plaintiffs' appeal, although they took no exceptions to the master's report. See *French* v. *Peters*, 177 Mass. 568; *Nelson* v. *Winchell & Co.* 203 Mass. 75.

4. The plaintiffs' complaint here is that they should not have been required to pay interest from the date of the filing of the bill. As we have said, the master found that the plaintiffs' share of the improvements was $2,333.33, and their share of the deficit for excess of taxes over profits was $71.64, which he added to the value of the improvements, making a total sum due from the plaintiffs for the period ending with the date of the filing of the bill, $2,404.97. He found that the plaintiffs' share of the rents of the land and buildings for the period beginning with the day on which the bill was filed and ending with the day of the last hearing before him was $1,283.33. From this he deducted $394.90 for the plaintiffs' share of the taxes and repairs, making the net rents for this period $888.43. This he deducted from $2,404.97, making " the net balance due to the defendant from the plaintiffs upon this accounting to be " $1,516.54. The court directed the plaintiffs to pay this sum of $1,516.54, " with interest from date of filing plaintiffs' bill."

To entitle the plaintiffs to their share of the rents and profits

(of the buildings as well as of the land) after the filing of the bill they had to pay the defendant their share of the improvements as of the date of the filing of the bill. That is to say, with interest from April 25, 1904. On the other side of the account the plaintiffs were entitled to the net rents and profits as of the date when they were received. That is the basis on which the account should have been stated. The rents were received, or should have been received, at different times between April 25, 1904, and December 24, 1908, and roughly speaking they may be taken to have been received on their average due date. That is to say, on the day which is half way between the beginning and the ending of the period. The master gave the plaintiffs credit for the rents as of the date of the filing of the bill, and not as of the average due date mentioned above. Thereby the plaintiffs were charged with less interest than they should have been charged with, by an amount equal to interest on the net rents for half the period in question.

Not only was no appeal taken by the defendant from the decree of the Superior Court, but no complaint has been made by him in his argument in this court as to the amount of interest which by the terms of the decree is to be paid to him. It is not necessary therefore to consider whether it would have been open to him to complain of this error on the plaintiffs' appeal. See in this connection *May* v. *Gates,* 137 Mass. 389; *Harris* v. *Harris,* 153 Mass. 439; *Moors* v. *Washburn,* 159 Mass. 172; *Shaughnessey* v. *Leary,* 162 Mass. 108 ; *Kane* v. *Shields,* 167 Mass. 392 ; *Gray* v. *Chase,* 184 Mass. 444; *Cohen* v. *Nagle,* 190 Mass. 4. See also in this connection *Vinal* v. *Spofford,* 139 Mass. 126; *Smith* v. *Dickinson,* 140 Mass. 171, 172.

5. In case the plaintiffs elect to make compensation for their share of the improvements and to take a conveyance of their interest in the land, they will be entitled, on paying interest on their share of the sum paid for the improvements, to their share of the rents and profits up to the date of the conveyance. The rents and profits found by the master are the rents and profits to the date of the last hearing before him, to wit, December 24, 1908. In that event there must be a further accounting if the parties do not agree. And on the other hand if the plaintiffs do not elect to pay the money and take a con-

veyance, that fact should be established by the defendant on the record and a final decree entered stating that fact and dismissing the bill on that ground. See 2 Dan. Ch. Pr. (5th ed.) 998, and cases cited in note 4. Under these circumstances we think that the interest to be paid by the plaintiffs should be interest up to December 24, 1908, and that interest from that date to the date of the conveyance (if the plaintiffs elect to take a conveyance) should be paid only as part of the settlement of the rents and profits for the subsequent period.

The result is that the order denying the motion of the administrator for leave to intervene must be affirmed, and that the decree must be modified (first) by deducting the sum of $71.64 from the sum found due by the master, making that sum $1,444.90 ; (secondly) by declaring that the interest on that sum shall be paid from April 25, 1904, to December 24, 1908; (thirdly) by providing that if the plaintiffs shall pay and take a conveyance, they shall be entitled to two thirds of the rents and profits for the period beginning on December 25, 1908, and ending on the date of conveyance, with interest from the average due date thereof upon paying interest on $2,333.33 for that period ; and so modified the decree should be affirmed.

*Decree accordingly.*