JAMES J. DERBA, INC. *vs.* HAMILTON SERVICE, INC.

Suffolk.   December 3, 1968. — January 3, 1969.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Frauds, Statute of. Contract,* What constitutes. *Practice, Civil,* Appellate Division: what questions open, appeal. *Error,* Whether error harmful.

Where it appeared in an action that the defendant sent the plaintiff a letter enclosing a check in payment of a portion of indebtedness of a third party to the plaintiff and stating that the rest of the indebtedness would be paid by the defendant to the plaintiff at certain times thereafter, it was error to refuse a ruling requested by the defendant that the promise to pay the rest of the indebtedness was within the statute of frauds, G. L. c. 259, § 1, Second, but the error was harmless inasmuch as there was compliance with the statute. [129–130]

An appeal from an order of the Appellate Division of a Municipal Court did not bring before this court a question of law not reported by the trial judge, even though the Appellate Division purported to deal with the question. [130]

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 15, 1966.

The action was heard on the merits by *Gorrasi,* J.

*Jerome P. Facher* for the plaintiff.

*Harold Lavien* for the defendant.

WILKINS, C.J.   Commonwealth Management, Inc. (Commonwealth) owed an amount for meat products for which the plaintiff (Derba) was about to sue.   This action is to recover on an agreement by the defendant (Hamilton) to pay the indebtedness in consideration that Derba would forbear to sue Commonwealth.   Hamilton's main reliance is the Statute of Frauds, G. L. c. 259, § 1, which was the only ground of demurrer relied upon.   The same defence is set up in the answer.

The demurrer was overruled.   After a trial on the merits another judge found for Derba.   Upon reports, the Appellate Division upheld the overruling of the demurrer, but vacated the finding for Derba and ordered a finding entered for Hamilton.   Both parties appealed from the order of the Appellate Division.

As we shall consider the issues raised at the trial on the merits, we do not discuss the artificial case raised by the demurrer.   See *Walcott* v. *Cambridge*, 351 Mass. 32, 33; *Massachusetts Bar Assn.* v. *Cronin*, 351 Mass. 321, 324, and cases cited.

Hamilton owned a motel, known as Hamilton House, at 1110 Commonwealth Avenue, Boston.   Derba was a wholesale dealer, which sold meat for the motel to Commonwealth, a corporation controlled by one Zirpolo.   The motel contained the Kismet Lounge and the Royal Colony Restaurant, which were managed and operated by Commonwealth.   The restaurant ran into financial difficulties, and Hamilton became concerned about its continued operation.

In these circumstances Hamilton sent Derba a form letter [1] (exhibit 1) bearing date of October 15, 1965.   Below the typed name and address of Derba, the mimeographed body of the letter stated that the management of Royal Colony Restaurant, formerly managed by Commonwealth, had been turned over to Hamilton, and asked creditors not to

[1] This letter was the second of two sent by Hamilton to Derba.   The first was sent on or about October 15, 1965 (exhibit 2) and was identical to the second except that it bore no postscript, and no check was enclosed.   The second letter was sent on or about November 15, 1965, and contained a check.

extend further credit without Hamilton's written approval. The signature was "Hamilton Service Inc., George M. Brown [handwritten], George M. Brown, President." The typewritten postscript on the second letter was as follows: "P. S. Enclosed please find check for 1/3 of bill ending 9/30/65. We will pay 1/3 in Dec. 1965 and the Balance in Jan. 1966. We appreciate your patience in this matter." The enclosed check (exhibit 3) was for $2,244.25, bore date of November 19, was payable to James J. Derba and signed "George M. Brown." On the face of the check to the left there is printed, "By endorsement this check when paid is accepted in full payment of the following account." This is followed by this statement in ink: "Date 10/1/65 Total Bill Amount 6,732.77 1/3 of Bill 2,244.25 Loss of Guarantee Michael Zirpolo Royal Colony Rest."

The trial judge found that "George M. Brown, president of the defendant was authorized to act in behalf of the defendant in its dealings with the plaintiff." He also concluded: "The contents of exhibits 1–3 signed by George M. Brown constitute a binding written contract of the defendant to pay to the plaintiff the debt owed to the plaintiff by the Commonwealth Management, Inc. in the amount of . . . [$4,488.52]." "There was adequate consideration for the contract."

Hamilton submitted requests for rulings. Of these the judge denied requests numbered 1, 2, 3, 4, 5, 6, and 10, and reported these rulings, and no others, to the Appellate Division.

The Appellate Division considered only the first two requests. These were: "1. If the court finds that the defendant promised to pay to the plaintiff the debt owed the plaintiff by Commonwealth Management, Inc., such promise falls within G. L. c. 259, § 1, Second. 2. If the court finds that the defendant promised to pay to the plaintiff the debt owed to the plaintiff by Commonwealth Management, Inc., in consideration of the plaintiff's forbearance to sue Commonwealth Management, Inc., such promise falls within G. L. c. 259, § 1, Second." Both were denied by the trial

judge with the notation "Inapplicable to facts found." This was harmless error.

The Appellate Division stated "the [trial] court found as a fact that the letters of October 15, November 15, and the check of November 15 sufficed to produce a binding written contract of the defendant to pay to Derba the debt of Commonwealth. This finding [*sic*] was inconsistent with the court's ruling with respect to request for ruling Number 1. This request properly stated the law. If Hamilton agreed with Derba to pay the debt of Commonwealth, it was a promise to pay the debt of another and under the Statute of Frauds should be in writing, and in view of the court's finding to this effect it should have ruled as requested."

We agree that the ruling should have been given. The trial judge's action was not a finding but a ruling, and was not "inconsistent" with the ruling on request numbered 1. The contract fell within the statute, but it complied with the statute. See *Forman* v. *Gadouas*, 247 Mass. 207, 212; *Tzitzon Realty Co. Inc.* v. *Mustonen*, 352 Mass. 648, 653.

The Appellate Division reached a similar result as to the second request. We agree, for reasons hereinbefore stated, that the request was correct and that the ruling should have been given.

The Appellate Division proceeded to rule that there was no consideration and that the agreement was unenforceable. See, however, *Boyd* v. *Freize*, 5 Gray, 553, 555; Restatement 2d: Contracts, § 75 (3) (b); Williston, Contracts (3d ed.) § 135B. This question, however, was not reported. The duty of the Appellate Division was to deal with the questions reported and no others. The appeal brings before us the rulings of law reported by the judge to the Appellate Division and questions of law touching the action of the Appellate Division. *Gaston Elec. Co.* v. *American Constr. Co. Inc.* 336 Mass. 454, 456.

Hamilton's remaining requests which the trial judge reported and the Appellate Division did not consider (see *Barry* v. *Sparks*, 306 Mass. 80, 85) do not merit discussion.

Requests 3, 4, 5, and 10 relate to the Statute of Frauds which was complied with. The tenth request was fragmentary of the whole case, as the judge stated in denying it.

Let the following entries be made: The order of the Appellate Division is affirmed in so far as it upheld the overruling of the demurrer; it is reversed in so far as it vacated the finding for the plaintiff and directed entry of a finding for the defendant. Judgment is to be entered for the plaintiff on the finding of the judge of the Municipal Court.

*So ordered.*