*Western District*

## ASSOCIATED ELECTRIC CO., INC.

v.

## E. J. KELLEY CO.

Argued: Dec. 16, 1969  Decided: Jan. 12, 1970.

*Present:* Garvey, P.J., Sloan, Dudley, J.J.

Case tried to *Griffin, J.,* in the District Court of Springfield No. 190925

*Garvey, P.J.* In this action of contract there was a finding for the plaintiff and the defendant claimed a report.

The judge's "Findings, Rulings and Decision" read:

"Associated Electric Co., Inc. (Associated) sues E. J. Kelley Co. (Kelley) in two counts, for work and material in repairing a Kelley bus.

"Kelley sues Associated alleging negligence in making repairs and breach of contract.[1]

"After hearing the parties and their witnesses in these cross actions, and upon consideration of all of the evidence, I find:

"1.  A school bus owned by Kelley was towed to Associated's place of business in August, 1966, for various repairs, including an engine overhaul because, although the engine had been repaired a short time before in New York, it was reported to be overheating. Associated was instructed by Kelley not to work on the pump.

"2.  Associated did the work listed in its repair order and the bus was delivered to and accepted by Kelley about October 8, 1966.

"3.  After the bus had been operated for one month and driven approximately 600 miles, the engine again failed.

"4.  Associated performed its contract in a good workmanlike manner, and is entitled to be paid the amount of $5,182.52, which I find to be a fair and reasonable charge for the work done.

"5.  The cause of the engine failure in November, 1966, is conjectural. Kelley has failed to prove that the failure was due to any negli-

---

[1] In this action there was a finding for Associated. Kelley did not appeal.

gence or breach of contract or breach of warranty on the part of Associated.

"In the case of Associated Electric Company, Inc. v. E. J. Kelley Co., I find for the plaintiff on each count and assess damages in the sum of $5,182.59 (one recovery).

"In the case of E. J. Kelley Co. v. Associated Electric Co., I find for the defendant on each count.

"All of the requests of E. J. Kelley Co., as plaintiff and defendant, for rulings of law, many of which call for findings of fact, are denied having been made inapplicable by my findings."

Kelly claims to be aggrieved by the denial of all 26[2] of its requests for rulings without specification to their category, law or fact. This is the only issue presented.

In our opinion there was no error. Our duty is "to deal with the questions reported and no others." *James J. Derba, Inc.* v. *Hamilton Service, Inc.*, 355 Mass. 127, 130 *Gaston Elec. Co.* v. *Amer. Constr. Co., Inc.*, 336 Mass. 454, 456.

It has been repeatedly held since *Bresnick* v. *Heath*, 292 Mass. 293, 298-299, expressed in various ways, that a judge sitting without a jury "is both a judge of the law and a trier

---

[2] The judge could have considered this number of requests excessive and, in view of the simple issues, ordered them stricken or reduced to a reasonable number. *Stella* v. *Curtis*, 348 Mass. 458, 460-461.

of fact'', and ''upon a proper request .... is bound to rule thereon unless his special finding or findings render such a ruling immaterial''. *Perry* v. *Hanover,* 314 Mass. 167, 173.

These long established rules were followed by the judge. She addressed herself to the consideration of all of the evidence on the issues raised by the pleadings and the evidence, and made specific findings that Associated performed its contract in a good and workmanlike manner and made a fair and reasonable charge for its material and work. Nothing more is required. Her comment that some of the requests were for findings of fact, which incidentally we find justified, was surplusage and did not derogate from her denial of *all* of the requests and caused no harm to Associated.

In a brief opinion the court said in *Horton* v. *Tilton,* 325 Mass. 79, ''It is plain from the special findings made by the judge in denying these requests that he found upon the evidence that the plaintiffs had proved that the defendant was negligent, and that the defendant had failed to prove the negligence of the female plaintiff''. And in a rescript, *Frade* v. *Costa,* 345 Mass. 764 ''The plaintiff's requests for rulings were predicated on facts which were at variance with the facts found by the judge, and were properly denied.'' See also *Hoffman* v. *Chelsea,* 315 Mass. 54, 56. *Brodeur* v. *Seymour,* 315 Mass. 527, 529-530. *Liberatore* v. *Framingham,* 315 Mass. 538, 541-542. *Stella* v. *Curtis,* 348

Mass. 458, 462. *The report is to be dismissed.*

EFREM A. GORDON

   of Springfield for the defendant.

WILLIAM K. DANAHER, JR.

   of Springfield for the plaintiff.