*Northern District*

No. 7681

**CINTAWAY MILLS**, ppa

v.

**STOP & SHOP, INC.**

Argued: April 13, 1972 - Decided April 22, 1972

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District, No. 45495, on April 1, 1971. General Finding on April 5, 1971.

**Mason, J.** This is an action of tort in which the plaintiff, C. a minor who brings this action by her father and next friend, seeks to recover damages alleging that the defendant negligently failed to maintain its premises and

equipment so that the same might be safe for its customers and that while she was lawfully on the premises, she was injured by the negligent maintenance of the premises and equipment.

The answer is a general denial, an allegation of contributory negligence, an allegation that the plaintiff voluntarily assumed the risk and an allegation that the cause of action was barred by the statute of limitations.

**At the trial there was evidence tending to show that:**

The plaintiff was injured on the defendant's premises on June 3, 1970. The defendant furnished shopping carts on which there was a place for a small child to ride.

The mother of the plaintiff went to the defendant's premises on June 3, 1970 with her infant daughter, the plaintiff, obtained a shopping cart and began to push it through the store. She heard a noise coming from the left wheel of the cart and she felt the wheel pulling. She continued to use the cart, half-filling it with canned goods and, while she was pushing the cart, the left wheel came off and the cart collapsed throwing the child onto the floor.

On the evening of June 3, 1970, the plaintiff's father observed that she had a bump on her head and bruises on her left leg and left side. The plaintiff vomited that evening and for two or three days thereafter. The father took the plaintiff to Dr. Gateman about eight times, the

last time being in the latter part of July, 1970. The plaintiff was kept in bed for three weeks during which time she complained about her head. The lump on the child's head lasted three or four weeks and the child complained of hedaches for three months.

The court found for the plaintiff in the sum of $3875.00 on Count I and for $100.00 on Count II, and made the following findings of facts:

"I find that as a fact that the plaintiff, being in the exercise of due care suffered injury due to the negligence of the deft."

"I find as a fact that this plaintiff was in the exercise of due care and suffered an injury due to the negligence of the deft."

The defendant filed a motion for a new trial which was denied and the court made the following correction in the finding:

"The court this day corrects its record so as to make it conform to the facts and to express the decision really intended to be made.

"In the above entitled action I find for the plaintiff in Counts #1 and #2 and assess damages in the sum of Thirty-nine hundred and seventy-five dollars and no cents, both counts being of the same cause of action."

The defendant claims to be aggrieved by the denial of the following request for rulings:

1. The evidence does not warrant a finding that the defendant was negligent.

2. The evidence does not warrant a finding

for the plaintiff and by the denial of the motion for a new trial on the grounds that (1) the finding is not suported by the evidence, and (2) the damages awarded are excessive.

On the ground of excessive damages the defendant claims that a denial of its motion was an abuse of discretion constituting an error of law.

The defendant filed no requests for rulings on the motion for a new trial.

The motion for a new trial is addressed to the discretion of the court, from the exercise of which no review lies, unless there is shown a clear abuse of discretion. *Daddario* v. *Gloucester*, 329 Mass. 297-301. *Bartley* v. *Phillips*, 317 Mass. 35.

The defendant contends that the amount of damages awarded the plaintiff is excessive. The extent of the plaintiff's injuries and the sum that would fairly compensate her for it were questions of fact, *Macchiaroli* v. *Howell*, 294 Mass. 144, and once these facts have been determined, they are not reviewable, except insofar as the determination is tainted by some error of law.

There being no requests for rulings filed, no question of law can be raised. *Bartley* v. *Phillips*, 317 Mass. 35.

The report shows that there was evidence that the minor suffered injuries resulting in eight visits to a doctor, confinement to bed for three weeks, manifested outward signs

of physical injury, together with symptomatic complaints for three months. On the evidence it cannot be said that the amount of damage found by the court was so clearly disproportionate to the injuries sustained that no conscientious judge, acting intelligently, could honestly have made such a finding. *Giblin* v. *Lincoln Park Amusement Co.,* 318 Mass. 781. The question is not whether we would take a different view of the evidence, or should have made a different decision from that of the trial judge, but whether a judge, acting intelligently, could honestly have taken the view expressed by him. *Ogden* v. *Aspinwall,* 220 Mass. 100, 105.

The action of the trial judge in denying the motion for a new trial was not an abuse of discretion constituting an error of law.

■ The defendant claims to be aggrieved by the denial of its requests 1 and 2. Whether there has been negligence must be ascertained with reference to all circumstances and a plaintiff is not required to introduce evidence of specific negligence when all the facts point to carelessness as the rational explanation. *Glaser* v. *Schroeder,* 269 Mass. 337, 340. So, in the instant case, the plaintiff was not required to point out the exact way in which the accident occurred as long as she showed a greater likelihood that her injuries came from an act of negligence for which the defendant was responsible. *Purdy* v. *R. A. McWhirr Company,* 350 Mass. 769.

The plaintiff was not required to show the particulars of the defendant's negligence; it was enough if she showed facts from which negligence might properly be inferred. On the facts it could have been found that the negligence on the part of the defendant was a more likely cause of the accident. *Mabardy* v. *Campo,* 344 Mass. 459, 462.

The duty of the defendant was to use reasonable care to maintain the carts in a reasonably safe condition for the use of its patrons and to use reasonable care to discover any concealed defect. *Bell* v. *Dorchester Theatre Co.,* 314 Mass. 536, 537.

The breaking of the cart when it was being properly used for the purpose for which it was furnished warranted an inference, at least, that it was defective and unsafe. *Callahan* v. *New England Telephone & Telegraph Co.,* 216 Mass. 334, 336.

Therefore, the trial judge was warranted in finding that the unexplained collapse of the wheel of the cart, while being used in a normal manner, was due to the lack of repair and its unsafe condition was more likely attributable to negligence on the part of the defendant than to some other cause. *Couris* v. *Casco Amusement Corp.,* 333 Mass. 740.

A review of the pleadings indicates that Count I and Count II of the plaintiff's declaration were for personal injuries alleged to have been sustained by the minor plaintiff

and were for the same cause of action. There was no error committed by the trial judge in correcting his finding to conform to the pleadings.

No abuse of discretion has been shown on the denial of the motion for a new trial and we find no error in the denial of the defendant's request for rulings. **Report dismissed.**

Louis Goldstein of Roxbury
    for Plaintiff

Charles J. O'Malley of Boston
    for Defendant