*Northern District*

## No. 8432

## EDWARD JANCSY and ELINOR JANCSY
## v.
## HY-LAND REALTY, INC. and ALAN RECORD

Argued: April 29, 1976. Decided: June 16, 1976.

Case tried to *Artesani, J.,* in the Fourth District Court of Eastern Middlesex. No.: 1418 of 1974.

Present: Forte, J.; Flynn, and Bacigalupo, J.J.

**Bacigalupo, J.** The plaintiffs in this action of contract (or contract and tort—the report and docket entries being confused on this point), seek to recover damages resulting from the alleged failure of the defendants to complete construction of a house being built for the plaintiffs by the defendants, for unworkmanlike and defective construction and for the alleged, fraudulent representations with respect to the completion and correction of the various incomplete and defective work.

The trial justice found for both defendants and made findings and rulings which in so far as they are material to the grievances claimed by the appellant, are as follows:

"This is an action of contract based on an agreement to build a home for plaintiff brought against two defendants.

"There was evidence that on July 5, 1973 there was a written agreement signed by Hy-Land Realty, Inc., Alan Record, President and the plaintiffs for the purchase of property under which agreement the defendant was to build a home for the plaintiffs on the property; that as regards the building plaintiffs offered evidence that certain things remained undone after the passing and that they incurred expenses to fix things after defendant refused to do anything; that one (sic) page of agreement there were initials which were of defendant, Record; that the passing of title took place on October 16, 1973 at which time the defendant, Record, and plaintiffs were present and plaintiffs were represented by counsel; that there was evidence by the plaintiffs that they refused to purchase on that day but that defendant, Record, agreed to correct the alleged defects; that defendants deny this.

"There was further evidence submitted that under the agreement signed on July 5, 1973 there was a condition (#8) which was as follows: 'if buyer (plaintiffs) or anyone under their control moved into house prior to passing title without written consent of seller it would be a waiver to all conditions and all amounts shall be due and payable'; that plaintiffs received no such written consent but moved in prior to passing of title."

"There was further evidence that at the passing the plaintiffs executed a release which read as follows:"

'October 16, 1973'

'Receipt of Hy-Land Realty Inc.,'

'Two Thousand Three Hundred Sixty-Seven Dollars and 95/100 ($2,367.95) for payment in

full on electrical, painting interior and exterior, heating, stove, electrical fixtures on the property located at Lot 76 Locksley Road, Danvers, Mass. for which labor and material the undersigned Edward Jancsy and Elinor Jancsy assume all responsibility and waive all warranties, guarantees expressed or implied by law or by an agreement by and between Hy-Land Realty, Inc. and Edward Jancsy and Elinor Jancsy dated July 5, 1973.'

'(Signed)    Edward V. Jancsy'
'(Signed)    Elinor F. Jancsy'

"The court finds that the only involvement of the defendant, Record, was as President of the Incorporated defendant and court finds for the defendant, Record."

"As to the defendant corporation the court finds that there was a valid release executed by the plaintiffs to said defendant and that it was for a valid consideration ($2,367.95) and the court finds for the defendant corporation."

The plaintiffs claim to be aggrieved by the denial of their motion for a new trial and by the action of the trial justice with respect to their request for ruling #8.

The duty of the Appellate Division is "to deal with the questions reported and no others." *Associated Electric Co., Inc. v. E. J. Kelley Co.*, 44 Mass. App. Dec. 1, 3 (1970); *James J. Derba, Inc. v. Hamilton Service, Inc.*, 355 Mass. 127 (1969); *Blackstone Nursing Home, Inc. v. P. & H. Leasing Co.*, 48 Mass. App. Dec. 58, 64 (1972); *Barnes v. Springfield*, 268 Mass. 497, 504 (1929).

There was no error.

With respect to the denial of the motion for a new trial, it appears that the plaintiffs filed no

request for rulings and claim no abuse of discretion. There is therefore no question of law presented to us for consideration. *Gurney, et al v. McIntires Dairy, Inc., et al,* 50 Mass. App. Dec. 46, 49 (1972); *Mills v. Stop & Shop, Inc.,* 48 Mass. App. Dec. 206, 211 (1972); *Bartley v. Phillips,* 317 Mass. 35, 42 (1944).

Plaintiffs request #8 and the ruling of the court thereon is as follows:

"Any clause in a contract that makes the party to a contract waive all his rights under the law must be found to be illegal as against public policy." "Granted but not so found under conditions of present case."

The plaintiffs in their brief and argument appear to rely on G.L.c. 93A, G.L.c. 106, §2-316A and the case of *McDonough v. Whalen,* Mass. Adv. Sh. (1974) 999.

G.L.c. 93A relates to the regulation of business practices for consumer protection. G.L.c. 106, §2-316A deals with the exclusion or modification of warranties in connection with sales of consumer goods, or service or both.

These statutes deal with disputes arising out of contractural relations between the parties to the dispute and are not applicable to the facts in the case before us. The case of *McDonough v. Whalen,* supra, is clearly distinguishable on its facts from the case at bar.

In the instant case, the instrument dated October 16, 1973 is not a contract but was found by the trial justice to be a release of claims of the plaintiffs against the defendant Hy-Land Realty, Inc. for which the defendant paid a valid consideration.

A release is not a contract. *Sablone v. Miraglia,* 39 Mass. App. 108, 110 (1968).

The portion of the instrument dated October 16, 1973 which is pertinent is as follows:

". . . . and waives all warranties, guarantees, express or implied by law or by an agreement by and between Hy-Land Realty, Inc. and Edward Jancsy and Elinor Jancsy dated July 5, 1973."

■ Where the terms of a written release are clear, unequivocal and unambiguous, evidence may not be received to change its content or show a different agreement or to create an ambiguity. *Sherman v. Koufman,* 349 Mass. 606, 610-611 (1965); *Governor Apartments, Inc. v. Carney,* 342 Mass. 351, 354 (1961).

We perceive no ambiguity in the writing dated October 16, 1973, and, even if this writing be deemed to be ambiguous, the trial justice on the evidence introduced at the trial, has resolved the interpretation of this writing against the contention of the plaintiff.

■ We are bound by the findings of fact of the trial justice if they may be supported by the evidence and the reasonable inferences to be drawn therefrom. *Codman v. Beane,* 312 Mass. 570, 573 (1942). Moreover, the credibility of the witnesses is exclusively for the trial justice. *Dolham v. Peterson,* 297 Mass. 479, 481 (1937).

The plaintiffs in their brief have argued other questions for the consideration of this Division but as hereinbefore stated, these matters are not open to the plaintiffs as the only issues of law raised by them in the report before us relate to the denial of the motion for a new trial and the ruling of the court with respect to request #8, each of which have been considered and discussed. *Dolham v. Peterson,* supra.

There being no prejudicial error it is ordered that **the report is dismissed.**