Kane, J.
Mills Engineering Company, Inc., appeals the denial of its motion to alter judgments entered in favor of the defendants. Finding the judgments incompatible with the trial judge’s findings, we reverse.
Defendants’ judgments draw from the trial of a 2-count complaint charging a failure to pay two loans. Underlying this action was the sale, in the fall of 1984, of the assets of plaintiffs business[2], then known as Mills Engineering, a manufacturer *95 of valve accessories, to Kenneth Arthur and Milton Forest for $100,000, payable through $11,000 in cash and the remainder under a 3-year promissory note. Incorporated as terms of the sale were the employment of Benjamin Mills as a manager/consultant and promises by Mills not to compete with buyers for three years in selling valve accessories produced at the time of sale by Mills Engineering. To manage initial expenses, buyers shortly after the sale executed a secondary loan with Mills Engineering. Operating under the name of Yalcom, buyers made periodic payments on these notes until January of 1987.
With $38,973 outstanding on the original note and $5,557 outstanding on the secondary loan, seller, in the fall of 1987, filed this 2-count complaint Answering, buyers denied the action on account of fraud and a failure of consideration in Benjamin Mills’ breach of his employment contract. Counterclaiming under 93A, the buyers repeated Mills’ breach and added that Mills Engineering had conspired with its former employees to sabotage the new enterprise.
Before trial, the parties stipulated that the outstanding loans were due and owing “subject to the defenses of the defendants." At trial, defendants suggested a failure of consideration lay in the failure of Ashai Corporation, a substantial customer of seller, to do business with the new owners.
As disclosed by the report, the trial judge rejected any claim that a continuing commercial relationship with Ashai Corporation was aterm of the sale. As disclosed by the report, the trial judge ruled that the defendants had not sustained their “defenses.”[3]
Reviewing the consonance of verdicts with findings is bounded by the “report.” Even if the report be “fragmentary” or inadequate, it is the report that the parties were “content to rely upon” and must be “considered by us” to represent the complete findings. Everett v. Capital Motors Transport Co, Inc., 330 Mass. 417, 420 (1953).
As disclosed by the report, we accept the judge’s findings. Simon v. Weymouth Agricultural & Industrial Society, 389 Mass. 146, 151 (1983). Accordingly, we review the findings entered for the defendants in light of the parties’ agreement that the outstanding loans were due and owing “subject to the defenses” and the trial judge’s findings that the defenses were not made out. “We view these findings as compelling the conclusion” that monies were due and owing. Id. 151, 152. Accordingly, we set aside the trial judge’s inapposite findings.
In conclusion, we set aside the findings entered for defendants and order that judgments enter for plaintiff on Count I in the amount of $38,973 plus interest and costs and on Count II in the amount of $5,557 plus interest and costs.

 Seller transferred to buyers the inventory, equipment, “and goodwill of Mills Engineering Company, Inc., including the name Mills Engineering Division.”

 Finding no 93A violation, the trial judge found for Mills Engineering Company, Inc., on the counterclaim, and no report on that finding has been sought.