Martin, J.
This situation arises out of a breach of contract action. A summation of the facts is as follows. The plaintiff, Mills Engineering Company, Inc., sought to recover damages against the defendants, Kenneth Arthur and Milton Florest, Jr., for allegedly *4 breaching their obligations under a contract for the purchase and sale of the assets - i.e., the name, goodwill, inventory and equipment, of the plaintiff s business, Mills Engineering Company, Inc. The defendants had executed a note for the purchase price of the business, less the amount of a down payment which had been made. The defendants had also entered into a loan agreement with the plaintiff by which the plaintiff would lend the defendants money to cover initial operating expenses. One term of the contract provided for the employment of Benjamin Mills by the defendants, in the capacity of manager/consultant. Another term of the contract was a covenant not to compete clause whereby Benjamin Mills promised not to compete with the defendants for a period of three years after the sale of the business. In the breach of contract action, the plaintiff claimed, as damages, the alleged balance due on the note, $39,500 plus interest, as well as the alleged amount due on the loan, $14,000 plus interest. The defendants denied the allegations and filed a counterclaim asserting breach of the employment agreement between Benjamin Mills and the defendants; misrepresentation; M.G.L.c. 93A violations; and finally, sabotage of the company. At trial, the parties stipulated that, subject to the defenses of the defendants, the amount due on the note was $38,973 and the amount due on the loan was $5,557. The trial court ruled that the plaintiff failed to sustain its burden of proof on its claims. Alike, the trial court ruled that the defendants failed to meet their burden of proof on their counterclaim. The plaintiff was awarded $0.00 on its claim and the defendants were awarded costs of $7.48. On the defendants’ counterclaim the defendants were awarded $0.00. The plaintiff appealed to the Appellate Division. The Appellate Division set aside the findings of the trial court and ordered that judgments enter for the plaintiff in the amounts of $38,973 plus interest and $5,557 plus interest, as well as court costs. The defendants appealed to the Supreme Judicial Court. The appeal was taken and heard by the Court of Appeals. The Court of Appeals affirmed the decision of the Appellate Division. The defendant, Milton Florest, with the assent of Kenneth Arthur, in response to the Court of Appeals affirmance of the Appellate Division’s ruling, filed motions for new trial and relief from judgment in the District Court. The motions were marked for hearing. The judge scheduled to hear the motions refused to pass ruling on the motions. It is the court’s failure to rule on these motions, as well as the court’s failure to allow the motions, that the defendants claim to be aggrieved by. The defendants also petition to establish a draft report pursuant to Dist./Mun. Cts. R Civ. P., Rule 64(e).
The court judge who refused to pass ruling on the motions, provided, as grounds for such refusal, that the AppellateDivision and Court of Appeals had acted on thecase and any issues must be raised with those courts rather than with the District Court. As provided in Mass. R A. P., Rule 28:
When the rescript from the appellate court sets forth the text of the judgment to be entered, the clerk of the lower court shall, upon receipt of the rescript, prepare, sign and enter the judgment which has been ordered. If the rescript orders settlement of the form of the judgment in the lower court, the clerk of the lower court shall sign and enter the judgment after settlement. Notation of a judgment in the lower court docket constitutes entry of the judgment.
As provided in Mass. R Civ. P., Rule 54(a), ‘The terms ‘judgment’ and ‘final judgment’ include a decree and mean the act of the trial court finally adjudicating the rights of the parties affected by the judgment....” As stated in Brown v. Massachusetts Port Authority, 371 Mass. 395 (1976), “ It has been a long standing requirement that even when a final decree is upheld on appeal, a new final decree must be entered in the trial court after our rescript.” Carilli v. Hersey, 303 Mass. 82, 84 (1939). Boston v. Santosuosso, 308 Mass. 189, 194 (1941). Sunter v. Sunter, 204 Mass. 448, (1910). After the Court of Appeals decision had been filed in the District Court, affirming the judgment of the AppellateDivision, the Court of Appeals decision was reentered in the *5 trial court. The “cause” was never removed from the trial court. The Appellate Division only considered questions of law that had been presented to it since the power and authority of the Appellate Division is limited to questions of law contained in the report submitted to it. Himelfarb v. Novadel Agene Corporation, 305 Mass. 446 (1940). Jancsy v. HY-Land Realty, Inc., 58 Mass. App. Dec. 152 (1976). Regarding the Court of Appeals’ action on the case, G.L.c. 231 §109 provides in pertinent part: “An appeal to the appeals court shall lie from the final decision of the appellate division of any division of the district court department.... The appeal shall not remove the cause, but only the question or questions to be determined.” The case still remained within the jurisdiction of the trial court for action on the final judgment of the case. After rescript of the case from the Court of Appeals, the trial court entered final judgment. It was this final judgment that the defendants motioned for relief from and which their motion for a new trial was premised upon. The trial judge should have ruled on these motions. The case is to be remanded back to the trial judge for a ruling on these motions. For this reason, we do not pass on the defendant’s petition to establish the draft report. So ordered.