Welsh, J.
This is a petition to establish a report.
This case has had a lengthy and convoluted procedural history. The action was commenced in the District Court in November, 1987. The gist of the action was to recover a balance of $39,000 plus interest alleged to be due on a promissory note executed and delivered to the plaintiff by the defendants in connection with the purchase of a business and $14,000 plus interest alleged to be due on a loan. There were counterclaims alleging a breach of an employment agreement, misrepresentations, and a violation of General Laws, Chapter 93A
The case was tried in June of 1989 before a district court judge who is now retired.[2] Judgment was entered on September 14,1989. The courtfound for the defendants on the complaint and for the plaintiff as defendant in counterclaim. Plaintiff timely filed a motion for new trial and to alter or amend judgment. The motions were heard and denied by the trial judge. A report to this Appellate Division resulted in a reversal of *201 the judgmentfor the defendants and an order that judgments enterfor the plaintiff on Count I in the amount of $38,973, plus interest and costs, and on Count II in the amount of $5,357, plus interest and costs. See Mills Engineering Company, Inc. v. Arthur, et al, 1990 Mass. App. Div. 94, 95.
The docket discloses an aborted attempt by the defendants to remove the cause to superior court following the entry of the new judgment. The decision of the Appellate Division was next reviewed in the Appeals Court and affirmed summarily agreeable to Rule 1:28, Rules of the Appeals Court. Mills Engineering Company, Inc. v. Arthur, et al, 30 Mass. App. Ct. 1115. Judgment was reentered on July 17,1991 for $68,119.86.
This judgment included costs of the appeal, as well as other taxable costs. On January 29, 1992, defendants filed amotionforrelieffrom judgment. The motion judge declined to act upon the motion based upon his reasoning that the actions taken by the Appellate Division and the Appeals Court precluded his entertaining that motion and a defendants’ motion for new trial filed March 24, 1992. The defendants then sought a review of this determination in this Appellate Division by filing a draft report. Since no action was taken thereon by the judge, a petition to establish was filed. This Appellate Division ordered a remand to the motion judge directing him to act upon the motions. Mills Engineering Company, Inc. v. Arthur, et al, 1993 Mass. App. Div. 3, 4-5. Agreeable to such order, the motion judge denied the motion for a new trial on February 19,1993. Again, defendant filed a draft report challenging the denial and seeking review in the Appellate Division. The draft report languished and defendants brought the instant petition to establish their draft report to prevent a lapse of their rights to obtain a review.
We elect to proceed to the merits notwithstanding some procedural deficiencies which might of themselves be dispositive. The draft report which defendants seek to have this Appellate Division establish is based upon the denial of the motions for new trial and for relief from judgment. Prescinding from any issues of timeliness of filing or of issue preclusion based upon the doctrine of the law of the case, it is clear that the motion judge committed neither an error of law nor an abuse of discretion in denying these motions.
Both motions are premised in large part upon an affidavit solicited by the defendants, or either of them, of the trial judge who retired subsequent to the trial. This affidavit was obtained ex parte and without notice to the plaintiffs and raises a serious question of propriety. See Canons of Ethics, Rule 3:07, DR 7-110. Manifestly, the tenor and effect of the affidavit was an impeachment and contradiction of the findings made by the judge. Of course, a trial judge may amend his findings upon motion made not later than ten days from the entry of judgment or upon his own initiative not later than ten days after entry of judgment. Rule 52(b) Dist./Mun. Cts. R. Civ. P. Similarly, the trial judge may amend his report after notice and hearing at any time prior to the hearing on the merits by the Appellate Division. Rule 64 (c) (4), Dist./Mun. Cts. R Civ. P. Also, the Appellate Division has the capacity to recommit the cause to a trial judge for amplification, correction or other amendment.
We hold that the affidavit is a nullity and is not part of the record on appeal. The motion judge would have committed error if he allowed it to influence his judicial action.[3] Probing the mental processes of a trial judge, that are not apparent on the record, is wholly inappropriate. Glenn v. Aiken, 409 Mass. 699, 703-704 (1991). See Tenedios v. Wm. Filene’s Sons Co., 20 Mass. App. Ct. 252, 257 (1985).
Apart from the affidavit, there is no inconsistency manifested in the record or any other basis compelling the allowance of the motion for new trial or for relief from judgment. Since the draft report sought to be established fails to disclose any errors of law prejudicial to the rights of the appellant or any abuse of discretion, the petition need not be established. Souza v. Stoney Acres, Inc., 1984 Mass. App. Div. 157; Concord *202 Oil Co. v. Palmer, 1984 Mass. App. Div. 121.
The petition to establish report is denied. The plaintiffs motion for additional costs and other sanctions is denied.
So ordered.
EXHIBIT E
AFFIDAVIT
I, PAULY. MULLANEY, being duly sworn depose and say as follows:
1.1 am a retired District Court judge.
2.1 heard the case MILLS ENGINEERING COMPANY, INC. vs. KENNETH G. ARTHUR and MILTON F. FLOREST, JR, Docket #23773, in Dedham District Court in 1989.
3.1 was a visiting judge in DedhamDistrict Court on April 11,1989 and the case was assigned to mefortrial. Itwould havebeen better had it been assigned to alocal judge, who would be available on a daily basis, due to the length and complexity of the case, and the obvious need for several days of trial.
4.1 heard several other matters on the initial trial date and started trial on the MILLS ENGINEERING case during the day.
5. No one advised me that the trial would be such a lengthy one or that it had a long, complicated procedural history. There were no trial briefs to refine the issues for me. Testimony was not completed by the end of the day on April 11,1989. Because I was a visiting judge, trial was continued until my next visit to Dedham on May 11,1989.
6. Again on my next visit on May 11,1989 the case was not completed and it was continued until I returned to Dedham on June 15,1989. It was not the only matter I heard that day.
7. At the conclusion of the case on June 15,1989,1 concluded that the Plaintiff, MILLS ENGINEERING COMPANY, INC. had not met its burden of proof that the money allegedly owed by the defendants was owed to them. I concluded that Defendants’ defenses had prevailed. I also concluded that the Defendants had notmet their burden of establishing their counterclaim.
8. Plaintiff and Defendants requested Rulings of Law following trial. Defendants’ request was submitted late and I did not rule on it. Plaintiff s request was not signed. I felt that the Plaintiffs request was not properly filed but I ruled on it however in the event that an appellate court might find that the request was properly submitted.
9. In the Rulings of Law that I made on Plaintiff s Request for Rulings I intended to state that while there was a balance due on the note Defendants had successfully established the defense of breach of the underlying agreement between the parties, and that they owed nothing to the Plaintiff. Due to the complexity of the case and the long and fragmented nature of the trial, my ruling on Plaintiff s request for rulings did not clearly indicate that opinion.
10. My judgment in the case was issued on September 14, 1989.1 awarded the Plaintiff nothing and I awarded the Plaintiffs in counterclaim nothing.
11. It is my opinion that the judgment entered on September 14,1989 was correct and that if my rulings contradicted that judgment, then the rulings were not properly drafted.
Sworn to under the pain and penalty of peijury.
PAULY. MULLANEY
Dated July 18,1991

 The significance of this circumstance will become apparent later in this opinion.

 The affidavit is set forth in the Appendix.