ALLEN B. SCHWARTZ & others, trustees, *vs.* ABBOTT MOTORS, INC.

Middlesex. February 5, 1962. — March 30, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Assignment. Trust,* Assignment to trustee. *Warranty. Pleading, Civil,* Special demand for proof, Admission of facts, Answer. *Words,* "Public hire."

An assignment of a contract designating the assignee by a name under which the trustees of a business trust, as authorized by the declaration of trust, had chosen to do business was to the trustees and was valid, and they were the proper parties to bring an action on the contract as assigned. [29–30]

In an action on a contract brought by persons alleging themselves to be trustees under a declaration of trust and assignees of the contract, failure of the defendant to make a special demand for proof of such allegation under G. L. c. 231, § 30, constituted an admission thereof. [30]

A warranty in an assignment of a contract of conditional sale of a motor vehicle, that "the vehicle sold was never used . . . for public hire," was not broken merely by a single hiring of the vehicle from one engaged in the business of leasing motor vehicles to the public and use of the vehicle by the hirer. [30–31]

CONTRACT. Writ in the Second District Court of Eastern Middlesex dated October 2, 1958.

The action was heard by *Parker, J.*

*Ralph Arnoldy,* for the plaintiffs.

*Robert S. Marsh,* for the defendant.

KIRK, J. This is an action of contract wherein the plaintiffs seek to recover damages for the breach of a conditional sale contract allegedly assigned to them by the defendant. The judge found for the defendant. The Appellate Division dismissed the report. The plaintiffs have appealed.

Two questions are presented for our determination. Each relates to an independent ground for the judge's decision. We consider both.

1. The first question is whether the plaintiffs have a valid assignment of the conditional sale contract. The plaintiffs are trustees under a written declaration of trust which established the Community Acceptance Company for the purpose of engaging in the business of making loans of money with or without security. The declaration of trust provided that the trustees could act "under the name of Community Acceptance Company, or such other name or names as the Trustees may from time to time adopt." In compliance with G. L. c. 110, §§ 5 and 6, the trustees had filed a business certificate that they were doing business as Coleman Acceptance Plan.

On May 28, 1957, the defendant, a dealer in motor vehicles, assigned a conditional sale contract, covering a used car sold on that day to one Sandstrom, to "Community Acceptance Company d/b/a Coleman Acceptance Plan." The judge ruled that Community Acceptance Company, being a

business trust, was not a legal entity, and "as such could not enter into a contract of assignment." On this ground he found for the defendant. While it is quite true that the trust is not a legal entity for the purpose of making a contract, *Peterson* v. *Hopson,* 306 Mass. 597, 612, and cases cited, it was error to rule that there was no valid assignment. The assignment was not made to a non-entity, but was effectively made to the trustees by transferring the conditional sale contract to them in the name under which the trustees, as authorized by the trust, had chosen to do business. The right of trustees of a trust created for business purposes to adopt a name for the conduct of their business is no less than the right universally conceded to individuals, partnerships, and corporations. *Rand* v. *Farquhar,* 226 Mass. 91, 97. "It is common in the law for individuals to be bound contractually though not named but merely described by the use of a trade or partnership or association name, or otherwise." *Members of Bakery & Confectionery Wkrs. Intl. Union* v. *Hall Baking Co.* 320 Mass. 286, 292, and cases cited. The principles of agency are not here involved. *Dolben* v. *Gleason,* 292 Mass. 511, 514–515. Nor are we dealing with a situation where the trustees are defendants and are seeking to avoid personal liability on a contract made as such trustees with third persons. Nothing in *Peterson* v. *Hopson,* 306 Mass. 597, 612, or in other cases cited by the defendant is at variance with what we say here. There was a valid assignment of the contract to the plaintiffs and they, in their capacity as trustees, are the proper parties to bring the action. Moreover, the defendant, not having made a special demand for proof of the plaintiffs' allegations that they are trustees under the declaration of trust and that they are assignees of the contract, has admitted the allegations. G. L. c. 231, § 30. *Graustein* v. *Boston & Maine R.R.* 304 Mass. 23, 26.

2. The second question is whether the defendant committed a breach of a warranty contained in the assignment of the conditional sale contract to the plaintiffs. It is necessary to state the factual situation in some detail. On

October 26, 1955, the defendant sold the car in question, then new, to Abbott Rental Co. Inc. which occupied the same premises as the defendant, and was engaged in the business of leasing motor vehicles to the public. On the same day Abbott Rental Co. Inc. leased the car to the Boston Filter Company. There is no evidence that the car was leased to anyone else. On May 28, 1957, the defendant repurchased the car from Abbott Rental Co. Inc., sold it to Sandstrom on the conditional sale contract which is the subject of the litigation, and assigned the contract to the plaintiffs. Upon Sandstrom's default in payment, the plaintiffs repossessed the car and now seek to recover from the defendant the unpaid balance of $1,034.60.

The basis of the plaintiffs' action derives from the provisions in the assignment of the contract, which states, in part, under the caption "Without Recourse Assignment," that the defendant assignor "warrants and represents that . . . the vehicle sold was never used as a taxi, police car, or for public hire . . . ." A further provision under this caption is "In the event that any of the representations or warranties are untrue or broken, the . . . [defendant] shall be obligated to . . . [the plaintiffs] as if it had executed the form of With Recourse Assignment . . . ." The latter form of assignment makes the defendant assignor liable for any sums which may be due the plaintiffs as a result of the default of Sandstrom.

The judge concluded that there was no breach of warranty and found for the defendant. He found specifically that "the use of the car and its hire had been by only one person and not by the public in general." There was no error. A single hiring and the use by the one who hired is all that the record discloses. The finding that this does not constitute "public hire" was correct. The warranty was against the *fact* of actual use for public hire and not against the mere legal right to make such use of it. Accordingly, there was no breach of the warranty "that . . . the vehicle sold was never used . . . for public hire."

*Order dismissing report affirmed.*