*Municipal Court of the City of Boston*

No. 106752

**TRUSTEED FUNDS, INC.**

v.

**JOHN J. O'NEIL**

Argued: January 21, 1966. Decided: January 26, 1966.

*Present*: Adlow, C.J., Riley, Canavan, JJ.
Case tried to *Shamon, J.*

*Adlow, C. J.* Action of contract to recover advancces made to a salesman under an arrangement between the parties to provide for repayment of the advances in accordance with the terms of a written memorandum.

*There was evidence that* on June 26, 1962 there was a memorandum in writing signed by the defendant in which he acknowledged that

(1) his sole compensation while in the employ of the plaintiff under a previously executed agreement was to be by commission.

(2) that any money advanced to the defendant over and above moneys earned as commissions was to be considered as a loan which the defendant agreed to repay.

(3) that until such advances were repaid the plaintiff could apply all commissions due and payable in reduction of the loan.

*There was further evidence* that checks aggregating in an amount of $1,654.50 were advanced to the defendant between June 28, 1962 and October 4, 1962; that on December 20, 1962 the vice president of the plaintiff corporation by written communication ad-

vised the defendant that there was an outstanding balance due on the account of the defendant with the plaintiff of $1,342; that on February 8, 1963 a letter to the defendant reiterated the demand for the repayment of the money advanced as a loan. By a letter of the defendant to the plaintiff dated March 23, 1963 the existence of the debt on account of the loan was conceded.

It was agreed by the parties that in the event there was a finding for the plaintiff, it should be in the amount of $1,345.95 on counts one or two, and in the amount of $17.50 on count 3.

Certain objections raised by the defendant concern the admissibility of documents which were admitted in evidence and doubtless played an important role in helping the court determine the issue in this cause. However, the propriety of the court's rulings with respect to the admissibility of these letters can only be raised by claiming a report at the time the ruling on their admissibility was made.

G.L. c. 231, §108, as amended by St. 1962, c. 287. No such claim of report was made. However, the oversight was in no manner prejudicial to the parties. All of the documents appearing in this report had a material bearing on the question of whether there was a valid claim subsisting between the parties. The fourteen checks annexed to the report which amounted in aggregate to $1,654.50 indicated the advances made to the defend-

ant by the plaintiff. The letter of June 26, 1962 which was signed by the defendant supported the plaintiff's claim that these checks were given as loans and with the understanding that they were to be repaid. While the letters of December 20, 1962, February 8, 1963, and February 13, 1963, if standing alone, might be self-serving and objectionable, the subsequent letter of March 23, 1963 which was signed by the defendant, conceded that there was an outstanding balance due to the plaintiff.

In our opinion there was ample evidence to warrant the court's finding. We distinguish this case, where a distinct arrangement was made to treat the advances as a loan to be repaid in any event, from the facts in *Thibeault* v. *King*, 282 Mass. 109, 112 where the advances were made against commissions to be earned. *Report dismissed.*

Paul V. Salter of Boston for the Plaintiff.
Francis X. Goode of Boston for the Defendant.