*Northern District*
## No. 6146
## ROBERT S. MITCHELL, TRUSTEE
### v.
## ROY MOLLOMO

*Present*: Brooks, P.J., Connolly & Parker, JJ.

Case tried to *Yesley, J.* in the District Court of Newton, No. 12686.

*Parker, J.*: *In this action of contract* the plaintiff seeks to recover rent for an apartment which was leased by the plaintiff to the

defendant under a written lease for the months of May through September 1964.

Count One of plaintiff's declaration is for rent under the lease from 1 May 1964 to 1 October 1964 at $130.00 per month a total of $650.00. Count Two is for the same on an account annexed, both counts are for the same cause of action. Count Three is for attorney's fees as provided in the lease. The material parts of the defendant's answers were general denial, accord and satisfaction, and surrender and acceptance of the defendant's surrender of the premises by the plaintiff.

*The report states evidence upon which the trial judge could and did so find that*: The lease ran for a period of fifteen months from 1 January 1962 and from year to year thereafter until either the Lessor or the Lessee, on or before the first day of January in any year, gave to the other written notice of intention to terminate the lease on the last day of the following March, in which case the lease would terminate in accordance with such notice. On 10 March 1964 the defendant sent a letter dated 1 March 1964 to the plaintiff stating that he was vacating the apartment on 31 March 1964. The plaintiff on receipt of the letter called the defendant on the telephone and stated he was sorry to see the defendant go, asked for the March rent, and directed the defendant to leave the key with another tenant. The defendant left the key as the plaintiff directed and it was

turned over to the plaintiff by the tenant. The defendant moved out 31 March 1964. The premises were vacant until 1 October 1964.

*The report further states that* the court, while examining the papers of the case and before any evidence was taken, inquired about the April rent and both counsel explained that an action had been brought by plaintiff against defendant for the rent for the months of March and April 1964, and that judgment was obtained by default. Neither counsel stated that he wished this statement to be considered as admitted into evidence or as an agreed fact. The court did not deem it evidence of an agreed fact. The report contained all the evidence material to the questions reported.

The trial judge found on the evidence that the premises were surrendered to the plaintiff on 31 March 1964 and that the plaintiff accepted the surrender of the premises by the defendant.

The defendant claims to be aggrieved by the trial judge's findings and by his rulings on two requests. These requests and rulings are as follows:

2. The evidence does not warrant a finding for the defendant. *The court denied this request.*

3. The lease continued in full force on and after March 31, 1963 from year to year thereafter unless terminated by notice given on or before January 1st of any year. *The court denied this re-*

*quest in view of the finding of surrender.*

The plaintiff maintains that this state of facts established the fact that judgment by default had been secured by the plaintiff against the defendant for the rent of April and March and so made the issue of surrender *res adjudicata* in his favor, in that, since he brought an action for rent for these two months and got judgment thereon, that judgment has determined that the plaintiff did not accept a surrender.

Assuming that the statements of counsel were true, were admissible, and had been considered by the court, the statements do not show that the issue of surrender was ever raised or determined by the court in the previous action in which the plaintiff recovered the rent for March and April. The present suit is to recover rent from 1 May 1964 to October 1964. The statements made to the court fail to disclose whether the rent was payable in advance or when judgment was secured. There is nothing in those statements to show that the rent recovered by the plaintiff in the default judgment was not due for a period before any surrender by the defendant. No pleadings in the previous action are in the record.

The statements made by counsel showed that the action upon which the judgment was recovered by default was distinct from and did not in any way decide the question as to

whether the defendant owed rent for the period from 1 May 1964. All that the default judgment settled was that the defendant owed the plaintiff rent for March and April. *Hanham v. Sherman,* 144 Mass. 19, 23.

The earlier action was for a different cause from that here declared on. Assuming, but in no way holding that the court was bound by statements of counsel, the present ground for recovery was not litigated in that action and the present action could in no way be barred by it. *Sandler v. Silk,* 292 Mass. 493, 500.

The trial judge found that the defendant surrendered his tenancy and that the plaintiff accepted such surrender. The facts which the court found, and which there was evidence to support, was that the defendant in violation of the provision of the written lease between the defendant and plaintiff, informed the plaintiff in writing that he was vacating the premises as of 31 March 1964. The plaintiff on receipt of the letter called the defendant on the telephone and stated he was sorry to see the defendant go, asked for the March rent, and directed the defendant to leave the key with another tenant. The defendant did as directed and it was turned over to the plaintiff by the tenant. The defendant moved out on 31 March 1964.

There is no evidence in the report that the plaintiff ever informed the defendant in any way that he was not accepting the surrender

of the key and that in spite of the action of the defendant in following the plaintiff's instructions as to the surrender of the key, the plaintiff intended to hold the defendant to the lease. The only evidence of any objection by the plaintiff, to the defendant leaving or to his actions in leaving, was that the plaintiff told the defendant in the telephone conversation that his notice of leaving did not comply with the lease. This evidence came from the plaintiff. The defendant in his testimony did not testify that plaintiff made such a statement, and the court in its finding makes no finding that the plaintiff even made this slight complaint to the defendant.

On these facts we are of the opinion that the court could find that there was a surrender of the premises, and that there was an unconditional acceptance of these actions by the plaintiff.

Acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession of demised premises amount to a surrender of a term by operation of law. *Talbot v. Whipple,* 14 Allen 177, 180-181; *Deane v. Caldwell,* 127 Mass. 242, 248; *Caruso v. Shelit,* 282 Mass. 196, 199.

There was no error in the rulings by the trial judge on the plaintiff's Requests for Rul-

ings Nos. 2 and 3. *The report is to be dismissed.*

Benjamin Korolick, of Boston, for the Plaintiff.
Lincoln Z. Jalelian, of Boston, for the Defendant.