*Municipal Court of the City of Boston*
No. 163445
**LOUVILLE F. NILES
AND
HENRY F. KIGGEN, TRS.**
v.
**NORMAN P. MAMBER**
Argued: June 19, 1967 Decided: Apr. 23, 1968

*Present:* Lewiton, J., (Presiding) Foster, J., Mottola, Sp. J.

Case tried to *Gorassi,* Sp. J. in the Municipal Court of the City of Boston   No. 163445

FOSTER, J.   This is an action of contract to recover, under a lease, rent for the first 15 days of August, 1966 in the sum of $86.00, a a commission in the sum of $86.00, for re-renting the leased premises, and reasonable attorney's fees for collection thereof.

In his answer, the defendant set up a general denial; denial of "the existence of the plaintiff as an entity capable of bringing suit"; failure to mitigate damages; and surrender of the lease by the lessee and acceptance of the surrender by the lessors.

At the close of the evidence the defendant filed requests for rulings, some of which were denied by the trial judge. The defendant has claimed a report of such denials. The judge made detailed findings of fact, including findings for the plaintiff for $86 for rent, $50 for attorney's fee, and $86 for expenses incurred by the plaintiffs in re-renting the premises.

**The reported evidence warranted findings of the following facts:** The defendant entered into a lease of an apartment with the plaintiffs, acting through their rental agent, in May, 1965 for a term expiring July 31, 1967. Among other provisions, the lease provided that in the event of breach by the defendant, the latter would continue to be liable for the full amount of the rent provided in the lease, subject to being credited with rents received by the lessors in the event that they were able to re-let the premises; that such re-letting would be at the risk of the lessee; and that the lessee would be responsible for all costs and expenses incurred by the lessors, including costs of redecoration of the premises for re-letting, a reasonable commission for re-letting, and reasonable attorney's fee incurred by the lessor

in collecting rent under the lease. On July 13, 1966 the defendant by letter notified the plaintiffs of his intention to quit the premises on July 28, 1966 and stated that he would obtain a tenant for the premises on August 1, 1966. In their reply to this letter, the plaintiffs called to the attention of the defendant the foregoing provisions of the lease, and asserted their intention "to enforce the terms of the lease between you and them" and requested that the defendant continue making rental payments until advised that a new occupancy had been established. The defendant vacated the premises on July 28, 1966 and on August 1, 1966 delivered a key to an employee of the plaintiffs who gave the defendant a simple receipt for the key. The defendant had obtained a prospective tenant for the apartment, but he was never introduced to the plaintiffs, never filed an application with the plaintiffs and never contacted any authorized representative of the plaintiffs with respect to the apartment. The plaintiffs redecorated the premises, exercised reasonable care and diligence to obtain a new tenant, so as to mitigate the damages, and rented the premises as of August 15, 1966. There was a loss of rent in the amount of $86.00.

One of the requested rulings denied by the trial judge pertained to the status of the plaintiffs as trustees of the Westbrook Village Trust entitled to bring this action

against the defendant. The request was properly denied. G.L. c. 231, § 30 provides as follows:

> "If it is alleged in any civil action or proceeding that a party is an executor, administrator, guardian, trustee, assignee, conservator or receiver or is a corporation, or that a place is a public way, such allegation shall be taken as admitted unless the party controverting it files in court, within the time allowed for the answer thereto, or within ten days after the filing of the paper containing such allegation, or within such further time as the court may allow on motion and notice, a special demand for its proof."

Based upon this statute, the defendant must make a special demand for proof of the plaintiffs' status as trustees. The mere filing of an answer denying their authority as such is not sufficient. Therefore, the status of the plaintiffs as trustees of the Westbrook Village Trust must be deemed to be admitted. *Schwartz* v. *Abbott Motors, Inc.* 344 Mass. 28 at 30.

Several of the denied rulings were based on the assumption that the defendant had made a surrender of the lease and that the surrender had been accepted by the plaintiffs, thereby terminating the defendant's obligations under the lease. It is true that an unconditional acceptance of such a surrender would have that effect. In *Cassidy* v. *Welsh,* 319 Mass. 615 at

618, the court says that "any acts which are equivalent to an agreement on the part of a tenant to abandon and on the part of the landlord to resume possession of demised premises amount to a surrender of a term by operation of law." "There must be a meeting of the minds and the intent of the landlord to accept the surrender must be clearly shown. *Brewer* v. *Dyer,* 7 Cush. 337, 339. *Walker* v. *Rednalloh Co.,* 299 Mass. 591, 595." Whether there is an acceptance is usually a question of fact to be determined in the light of all the circumstances. In this case, the receipt for the key given to the defendant by the plaintiffs' employee is not decisive. It must be interpreted in the light of the surrounding facts. Thus, in the plaintiffs' reply of July 21, 1966 to the defendant's notice that he was going to vacate the premises, the plaintiffs specifically stated that they intended to enforce the terms of the lease and would hold him responsible for rental payments until the new occupancy had been established. At no time did the plaintiffs indicate a change in their position as stated in that letter. Consequently, the trial judge was warranted in concluding that the acceptance of the key was pursuant to the provisions of the lease entitling the lessors to repossession of the premises for the purpose of re-letting them at the risk of the defendant. Therefore, the requests for rulings of law based upon the assumption of the plaintiffs' acceptance of a

purported surrender of the lease by the defendant were properly denied.

The defendant contends that the trial judge was not warranted in making a finding as to a reasonable attorney's fee in the absence of specific evidence as to the value of the services rendered by the attorney for the plaintiffs. A requested ruling to this effect was denied. There was no error. The trial judge could properly make a finding as to the reasonable attorney's fee to which the plaintiffs were entitled under the terms of the lease on the basis of his personal observations of the pleadings prepared by the attorney and of the services actually rendered by the attorney in the presence of the trial judge in the course of the trial. *Ryder* v. *Warren,* 295 Mass. 24, 28.

There was no error in denying the requested ruling which assumed that the plaintiffs had arbitrarily refused to consider a new tenant offered by the defendant. It clearly appears that the prospective new tenant was never introduced to the plaintiffs, never made application to them, and never contacted any authorized agent of the plaintiffs with respect to occupancy of the premises. Consequently, there was no occasion for the plaintiffs to accept or refuse such prospective tenant. Moreover, it is clear that where the lease prohibits assignment or subletting without the express consent of the lessor, the latter is entitled to exercise reasonable judgment in determining

whether a proposed assignee or sub-lessee is satisfactory. *Edmands* v. *Rust & Richardson Drug Co.,* 191 Mass. 123, 125.

**Report dismissed.**

STEPHEN A. MOORE,
  for the plaintiff.
NORMAN P. MAMBER, *Pro Se,*
  for the Defendant