*Northern District*

No. 7722

**FRANCIS C. NELSON**

v.

**GEORGE A. JUDD**

Argued: March 2, 1972 - Decided: June 26, 1972

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried to *Thomson, J.* in the District Court of Newburyport, No. 8623.

**Durkin, J.** This is an action of contract and tort to recover in the first count of the declaration a balance of rent due in accordance with the terms of a written lease and in second count for waste committed by the defendant. The answer is a general denial and plea of payment. The court found for the plaintiff for $1,675.00 with interest from July 15, 1970, on the first count and for $200.00 on the second count.

**At the trial there was evidence tending to show the following:**

The parties entered into a written lease wherein the plaintiff was the lessor and the defendant the lessee of premises consisting of a ranch-type house and two-car garage located in the town of Newbury, Massachusetts. The lease was to run for eight and one-half months, commencing October 1, 1969, at the rate of $250.00 a month. There was a security deposit of $250.00 to be returned to the lessee at the end of the term if there had been no damage done to the premises. The defendant occupied the premises commencing October 1, 1969, until

November 30, 1969, and then vacated, having paid the security deposit and a month's rent, or $500.00. He has paid nothing for the remaining period of the lease.

The written lease is a printed form containing the names of the parties, the length of the term, the amount of rent, and the customary formal clauses relative to prohibition against waste and deliverance of the premises at the end of thet erm. There was no express clause relative to quiet enjoyment.

Some weeks after the defendant began occupancy of the premises, he complained to the real estate agent who leased the premises to him and was told to call the owner, which he did informing him that he could not live any longer in the premises because he had developed an allergy. The plaintiff suggested that the defendant consult doctors in order to determine the source of the allergy.

During the trial the defendant endeavored to introduce oral evidence preceding the execution of the lease relating to the final terms of the lease. On direct examination his counsel asked him, ''At the time of the discussion of the lease, was there some discussion as to the defendant's desire as to occupancy?'' This question was excluded on objection, and the defendant perfected his claim for report, and this matter is now properly before this Division.

**There was evidence tending to show that:**

Prior to signing the lease, the defendant visited the premises and examined the building with the help of the plaintiff as to the operation of the heating plant and other appliances; that the premises were located on a road leading to a country club, which road was heavily traveled in the summer, but after October first the club was closed and traffic was then scarce and intermittent; the defendant owned a dog, which was kept on the premises during the period of the defendant's occupancy; the dog had done some damage to the plaintiff's household furnishings, which was admitted by the defendant; and after the defendant moved out of the premises and during the term of the lease, there was an alleged breaking and entering of the premises by persons unknown, and some of the belongings of the plaintiff were missing and damage was done to some of his other property.

There was evidence by the plaintiff, admitted over the objection of defense counsel, as to the damage sustained to the plaintiff's household equipment; however, there was no request for a report.

The defendant seasonably filed five requests for rulings, one of which was allowed and the four following were denied:

2. The evidence warrants a finding for the defendant.

3. Upon all the evidence the defendant is entitled to a finding in his favor.

4. Upon all the evidence there is a failure of considerations and so the plaintiff is not entitled to recover in this action.

5. On all the evidence it was the intention of the parties that the defendant was to hire and the plaintiff was to lease a quiet and healthy place for the defendant to occupy for reasons of health.

In denying the defendant's requests for rulings numbered 2 and 5, the court stated that they were inconsistent with the facts found. The court denied defendant's request number 3. The court also denied defendant's request number 4, stating that defense was not pleaded.

The court made the following findings of fact:

So far as the evidence is concerned, there was no justifiable cause for the defendant to violate the terms of his written agreement. There were no special pleas filed by the defendant, only a general denial and payment. The defendant argued that there was a breach of covenant of quiet enjoyment. There was no express agreement to that effect contained in the written lease of the parties. The court in its finding suggested that, even assuming that a covenant of quiet enjoyment might be implied in every tenancy, the term as understood usually is limited to the situation of someone holding a title superior to that of the lessor, and that there was no evidence to that effect in this case. The court further found that the de-

fense of a breach of quiet enjoyment is a defense that must be specially pleaded, which was not so done in this case, and failure to do so constitutes a waiver by the defendant. The court further rules that if there was an alleged failure of consideration for this written lease, either wholly or partially, the defense should have been specially pleaded.

As to the defendant's request number 2 for the trial judge to rule that the evidence warrants a finding for the defendant, the evidence reported clearly supports the judge's findings that the plaintiff's performance was in accordance with his premises contained in the written lease and that "there was no justifiable cause for the defendant to violate the terms of his written agreement". The judge, by clear and definite findings, has demonstrated that it was immaterial because of his findings. *Bern* v. *Boston Consolidated Gas Co.,* 310 Mass. 651, 653. The judge did consider the evidence upon the crucial question of facts presented and his findings support and require a general finding for the plaintiff. The result of the case does not depend upon a refusal to rule and a ruling implied in that refusal. *Himelfarb* v. *Hovadel Agene Corp.,* 305 Mass. 446.

On the claim for waste, there was uncontradicted evidence of damage to some of the plaintiff's personal property caused by the defendant's dog, which damage was admitted by the defendant.

. Where a party has made a request for a ruling that the evidence warranted a finding in his favor, but the request has been rendered immaterial by the findings of the judge in view of the facts found, or the request assumes facts contrary to those found by the judge, such request may properly be refused. *Mahoney* v. *Norcross,* 284 Mass. 153, 154. *Gibbons* v. *Denoncourt,* 297 Mass. 448, 450. *Cameron* v. *Buckley,* 299 Mass. 432, 435. *Himelfarb* v. *Novadel Agene Corp.,* 305 Mass. 446.

 Even if there was sufficient evidence to warrant a finding for the defendant, the judge has made it clear and definite that the denial of the defendant's request number 2 has been rendered immaterial by his findings of fact. *Dangelo* v. *Farina,* 310 Mass. 758, 761. *Strong* v. *Haverhill Electric Co.,* 299 Mass. 455, 456.

The defendant's request number 3 for a ruling "upon all the evidence" was properly denied as not complying with Rule 27 of the Rules of the District Courts that provides, "No review as of right shall lie to the refusal of a request for a ruling 'upon all the evidence' in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request, and then only upon the grounds so specified." *Okin* v. *Sullivan,* 307 Mass. 227, 228. *Dellamano* v. *Francis,* 308 Mass. 502, 504. Under the rule, a party can put himself in a position to argue

that a finding ought to be made in his favor, as a matter of law, only by first filing a request for ruling to that effect with specifications of grounds as full as the nature of the case permits. *Holton* v. *American Pastry Products Corp.*, 274 Mass. 268, 270.

Apart from the question of pleading, nothing is disclosed in the report which indicates there was any evidence giving rise to an issue of failure of consideration.

Regarding the defendant's request number 4, ''Upon all the evidence there was a failure of considerations and so the plaintiff is not entitled to recover in this action,'' inasmuch as failure of consideration was not open under the pleadings, the ruling requested was properly denied. The absence of a special plea alleging failure of consideration precludes the defendant from now raising the issue. Failure of consideration, either in whole or in part, as a matter of defense, both under statute and at common laws must be specially pleaded and cannot be shown under an answer containing only a general denial. G.L. c. 231, § 28; *Jones* v. *Revere Preserving Co.*, 247 Mass. 225. *Indiana Flooring Co.* v. *Rudnick*, 236 Mass. 90. Even if the issue of failure of consideration had been clearly pleaded, there was sufficient evidence to warrant a finding that there had been no failure of consideration.

The defendant's request number 5 was prop-

erly denied as being inconsistent with the facts found. There was no evidence to support the defendant's contention that it was the intention of the parties that the defendant was to hire and lease from the plaintiff a healthy place for the defendant to occupy for reasons of health. The judge was not required to believe the defendant's allegations that he could not live any longer in the premises bacause he had developed an allergy, nor was the judge required as a matter of law to rule that if such an allergy were contracted, it furnished sufficient legal excuse to breach the lease.

Even if the language of the defendant's request number 5 might somehow be construed as a request that the court rule that the plaintiff breached a covenant of quiet enjoyment, and even assuming that a covenant of quiet enjoyment might be implied in the instant lease, the defense must be specifically pleaded to conform to the statutory requirements of G.L. c. 231, § 28. *DeMarzo* v. *Vena,* 330 Mass. 118, 119. *Lewis* v. *Russell,* 304 Mass. 41, 44. *Nicholson* v. *American Hide and Leather Co.,* 307 Mass. 456, 460. The defendant's failure to specially plead this defense constitutes a waiver and is fatal to his subsequent efforts to raise the issue on appeal.

As previously noted, there were two counts in the plaintiff's declaration. The defendant's requests for rulings did not refer to

each count in the declaration and, therefore, could not be granted unless the defendant was entitled to prevail on both counts. *McGovern* v. *Hannaford*, 348 Mass. 771.

On direct examination of the defendant, his counsel asked him, "At the time of the discussion of the lease, was there some discussion as to the defendant's desire as to occupancy?" This question concerned an alleged discussion between the parties about a subject matter of the lease, prior to the lease being reduced to an unambiguous written form, which they considered as final, in this instance the lease; therefore, evidence of negotiations leading to execution of the lease is immaterial, and, in the absence of fraud or mistake, the lease expresses the whole intent of the parties and cannot be modified or affected by extrinsic evidence. *Nelson* v. *Hamlin*, 258 Mass. 331, 340. See Leach & Liacos Handbook of Massachusetts Evidence (Fourth Edition) pp. 273, 274. The evidence offered by the defendant of any alleged conversation between himself and the plaintiff was clearly inadmissible and properly excluded under the parol evidence rule.

The fact that this is an action of contract and tort has not been raised in the record and is considered waived by all parties.

There was no prejudicial error in the finding for the plaintiff, nor in the exclusion of the question for which a report was claimed, nor in the denial of the rulings requested by the

defendant; therefore, **the report is to be dismissed.**

GEORGE STEVENS
 for Plaintiff
RAYMOND N. EVANS
 for Defendant