Tiffany, J.
This is an action in contract in which the plaintiff lessor seeks to recover $3,220.00 in rent allegedly owed under a written lease for the defendant’s rental of office space at 900 Lexington Street, Waltham, Massachusetts.
The defendant alleged in counterclaim that the plaintiff failed to return the defendant’s security deposit and was thus liable in double damages pursuant to G.L.c. 186, § 15B.
The reported evidence indicates that on April 1, 1973, the parties executed a written lease covering two offices in Waltham, Massachusetts at a monthly rental of $460.00 and for an initial one year term ending on March 31, 1974. The agreement expressly provided that after the expiration of the initial term, the lease would continue in full force and effect from year to year unless terminated by either party by submission to the other of a written notice of intent to terminate on or before the first day of February. It was agreed that no notice was given by the lessee to the lessor on or before February 1,1974.
In accordance with the normal course of events, a second year term commenced on April 1, 1974. In May of 1974, the plaintiff notified the defendant that the rent would be increased, effective immediatley, by $10.00 for a total monthly rent of $470.00. The defendant acceded to this demand and paid the increase in rent, but allegedly informed the plaintiff by letter dated May 5, 1974 that such rental increase “automatically breaks our lease, and as long as I remain here, I remain a tenant at will.” The report states that the plaintiff did not make any written or oral response or objection to this letter.
The trial court’s subsidiary findings indicate that the letter was admitted into evidence over the plaintiffs objection and that there was no evidence to indicate that the plaintiff ever received the letter.
The defendant notified the plaintiff by letter of August 1, 1974 of his intention to terminate the tenancy on August 31, 1974 and did in fact terminate on that date.
On February 11,1975, the plaintiff applied for a building permit to convert the office space rented by the defendant into apartments. Renovations were subsequently made, and the premises leased as apartments on April 1, 1975.
Judgment was entered for the plaintiff in the amount of $2,940.00 which was the seven months rent less the security deposit of $280.00.
The defendant is presently before this Division on a charge of error in the trial court’s denial of defendant’s request for rulings of law, numbers 1,2 and 4, and apparently in the manner that requests numbers 3 and 5 were allowed.
*58 Defendant’s requests for rulings numbers 1, 2 and 4 state:
1. In May of 1974, a novation occurred between the plaintiff and the defendant terminating the lease agreement and creating a tenancy at will.
2. The defendant properly vacated the premises on August 31, 1974.
4. Upon the evidence and the law, the plaintiff is not entitled to recover from the defendant.
As all of these requests evolve about a principle of law, they will be considered jointly. Requested ruling number 4 seeks a determination that insufficient evidence was presented to warrant a finding for plaintiff. The principal thrust of defendant’s position as indicated in requests numbers 1 and 2 is that the lease was terminated by mutual consent of the parties and the vacating of the premises was in consequence of a valid termination of a newly created tenancy at will. The trial court made specific findings to the contrary and there was no error in the denial of defendant’s requested rulings.
The initial written lease executed by both parties with the self-extending provision remained controlling and binding on the parties at all times relevant thereto. At the expiration of the one year term, the written lease was automatically extended and thus remained in full force for the second year unless the condition precedent was met. Hildreth v. Adams, 229 Mass. 581, 584 (1918); Leighton v. Ziminsky, 38 Mass. App. Dec. 169, 172 (1967).
It is basic law that the relationship between a landlord and tenant is contractual in nature, arising out of an agreement express or implied, Cairns v. Guimentaro, 339 Mass. 675, 677-678 (1959) and may thus be modified as can any contract by a subsequent mutual agreement between the parties which complies with any existing contract conditions for modification. Zlotnick v. McNamara, 301 Mass. 224, 225-226 (1938); Narrangansett Amusement Co. v. Riverside Park Amusement Co., 260 Mass. 265, 279 (1927).
A modification of a written lease or any term thereof must, however, be founded upon good consideration to be enforceable. Cohen v. Homonoff, 311 Mass. 374, 376 (1942); Commonwealth Investment Co. v. Fellsway Motor Mart, Inc., 294 Mass. 306, 313-314 (1936). Where no consideration flows to the tenant for an attempted modification of the lease, such as in the case at bar a unilateral rent increase, it is ineffective as a modification of the parties’ written lease. Torrey v. Adams, 254 Mass. 22, 27-28 (1925).
In any event, the actual validity of the rent increase, which in the case sub judice was paid by the lessee, is irrelevant. The plaintiffs demand for the increase in rent can reasonably be construed as an offer not to rescind the lease, but to simply modify one provision of the lease, namely the rent rate. The defendant’s letter allegedly forwarded to plaintiff was not a tacit acceptance of the increase, but a counter-offer to pay the increase only as .a consideration for the rescission of the lease and the creation of a tenancy at will. The flaw in this maneuver manifests itself in the legal doctrine that a tenancy at will cannot be established without the mutual consent of both the landlord and the tenant. Maguire v. Hadded, 325 Mass. 590 (1950); McKenna v. Begin, 5 Mass. App. Ct. 304, 308 (1977); Bruce v. Harvard Trust Co., 1 Mass. App. Ct. 373, 375 (1973). The defendant failed to establish that the plaintiff accepted his counter-offer and thereby consented to the creation of a tenancy at will. The trial court’s subsidiary finding on this question is sustained.
Plaintiffs request number 1 setting forth that a novation occurred between the parties is not a question of law but one of fact. The essentials of a novation are:
a. The existence of a binding obligation.
b. An agreement of all parties to:
1. The extinguishment of the existing contract.
2. The creation of a valid new contract.
As a novátion could not have occurred without the plaintiffs agreement to same, *59 Robbins v. Republic Foil, Inc., 42 Mass. App. Dec. 10, 17 (1969), the parties’ original lease remained in effect and bound the parties accordingly.
As to defendant’s apparent claim as to the manner in which requests numbers 3 and 5 were allowed, he cannot credibly be aggrieved by rulings in his favor. The trial court acceded implicitly to these requests by deducting the amount of the security deposit from the damages awarded to the plaintiff.
The motion to alter and amend the judgment and for a new trial are addressed solely to the discretion of the trial judge. Forte v. Muzi Motors, Inc., 5 Mass. App. Ct. 700-701-702 (1977); Altschuler v. Boston Harbor Marine, Inc., 55 Mass. App. Dec. 97, 106 (1974). No abuse of discretion attended the trial court’s denial of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 59 motion.
As to the issue of defendant’s claim for double damages for plaintiffs retention of his security deposit, his reliance on G.L.c. 186, § 15B is wholly misplaced. General Laws, c. 186, § 15B expressly pertains to residential property and thus is irrelevant to the defendant’s lease of office space or commerical premises.
Finally, the reported evidence does not compel defendant’s conclusion that plaintiffs entry and renovation of the premises in question constituted an implied acceptance by the plaintiff of defendant’s surrender of the premises so as to absolve him of liability for the concluding two months of the lease term. We agree that any acts which are equivalent to an agreement on the part of the tenant to abandon and on the part of the landlord to resume possession of demised premises amount to a surrender of the term by operation of law. Carlton Chambers Co. v. Trask, 261 Mass. 264, 267-268 (1927); Mitchell v. Mollomo, 34 Mass. App. Dec. 84 (1979). Whether there has been a surrender by the tenant and acceptance of the same by the landlord presents a question of fact for the trial court. Taylor Realty Co., Inc. v. The Student Book Exchange, 39 Mass. App. Dec. 122, 127 (1968); Niles v. Mamber, 40 Mass. App. Dec. 78, 82-83 (1968). In the instant case, the plaintiff allowed the premises to remain vacant for a least six months before entry and there was no evidence introduced that the plaintiff attempted to secure a new tenant prior to April 1, 1975. The trial court’s determination of this issue was not plainly erroneous and its denial of defendant’s Rule 59 motion did not constitute an abuse of discretion.
There being no error in the trial court’s disposition of defendant’s request for rulings and no abuse of discretion in the denial of defendant’s Rule 59 motion, the report is herewith dismissed.

So ordered.