Welsh, P.J.
This case comes before the Appellate Division upon defendant’s petition to establish a report. Plaintiff, an unincorporated condominium association, sought to recover from the defendant, a condominium owner, monthly condominium fees. The defendant counterclaimed asserting that the association had failed to provide services which they w.ere obligated to furnish, all to his damage.
1. The docket entries show that judgment was entered for the plaintiff in the sum of$3371.91 plus interest and costs on December 24,1981. The counterclaim was dismissed on the merits on that date. The draft report was timely filed on *76 January 4, 1982. The docket entries do not reflect any action on the draft report. On April 2, 1982, the defendant filed a petition to establish report in quintuplí-cate. This action was taken presumably to avoid the forfeiture of the right to appeal to the Appellate Division where final action is not taken by the trial judge within three months after the filing thereof. Dist./Mun. Cts. R. Civ. P., Rule 64(c)(5).[1] Following the filing of the instant petition, the trial judge issued an order dated April 7,1982, reciting that after hearing, the draft report filed by the defendant was disallowed for failure to comply with Dist./Mun. Cts. R. Civ. P., Rule 64(c)(2) and for failure to contain all the evidence material to the issues presented.
Whether viewed as a dismissal, see Dist./Mun. Cts. R. Civ. P., Rule 64(c)(6); Gallagher v. Atkins, 305 Mass. 261, 264 (1940) or as a disallowance, see Dist./ Mun. Cts. R. Civ. P., Rule 64(c)(4); Calcagno v. P.H. Graham & Sons Co., Inc., 313 Mass. 364, 366 (1943), it is clear that the judge correctly ruled that the report sought to be established was inadequate both as to form and content to serve as a vehicle for appeal to the Appellate Division. In the first place, the draft report is deficient in that it fails to incorporate a copy of the by-laws of the condominium. Presumably these by-laws would be crucial in determining the rights and duties of the parties in regard to the case at hand. Secondly, there is no concise statement summarizing the issues sought to be raised in the pleadings, as required by Rule 64(c)(2), Dist./Mun. Cts. R. Civ. P. Further, the draft report fails to include evidence relating to certain findings made by the trial judge. For example, the court apparently made a finding that the by-laws of the condominium association use the word “corporation” where the context indicates the word is being used interchangeably with “Association.” Additionally, there were a number of formal deficiencies relating to the petition. Among these are the fact that the petitioner’s affidavit fails to contain a statement that the draft report sought be established conforms to the truth. The Connecticut Bank and Trust Co. v. Phaneuf, 37 Mass. App. Dec. 196, 199 (1967); Cook v. Kozlowski, 351 Mass. 708 (1967).
The petition to establish report is denied.

So ordered.

 The rule provides that if no final action is taken by the trial judge on a draft report other than upon an interlocutory matter, within three months after the filing thereof and no petition for the establishment thereof has been filed, the cause shall proceed as though no request for report had been made, unless the Appellate Division for cause shown shall allow further time. The rule requires the clerk to send notice to the parties at least fourteen days before the expiration of the time allotted.