Cowdrey, PJ.
This is an action in contract to recover the sum of $2,500.00 which the plaintiff allegedly paid as a deposit in a real estate purchase and sale transaction with the defendants.
The defendants endeavored in the trial court to introduce certain documentary evidence and oral testimony which, according to the defendants’ offer of proof, would have established that the plaintiff actually paid to the defendants only $2,000.00 of the $2,500.00 sum called for as a deposit by the parties’ realty agreement. This evidence was excluded by the trial justice on the basis of the Parol Evidence Rule. In compliance with Dist./Mun. Cts. R. Civ. P., Rule 64 (a), the defendants duly objected to the exclusion ruling; orally requested a report thereof; and thereafter filed a written request for report and draft report within five days of the termination of the trial.
The trial justice dismissed the defendants’ draft report on the ground that the defendants had neglected to submit Rule 64 (b) requests for rulings directed to the Parol Evidence Rule issue and had thus failed effectively to preserve an issue of law for appellate review.
The defendants now claim to be aggrieved by the trial court’s dismissal of their draft report.
1. Rule 64 (a) of the Dist./Mun. Cts. R. Civ. P. outlines the proper procedure to be followed to preserve for review by this Division any issue as to the propriety of an evidentiary ruling rendered by a trial court. In the case at bar, the evidentiary ruling in question was premised upon the Parol Evidence Rule which precludes the utilization of evidence extrinsic to a written agreement to alter or vary the unambiguous terms of such an agreement. Nelson v. Hamlin, 258 Mass. 331, 340 (1927); Ward v. Grant, 9 Mass. App. Ct. 364, 368 (1980).
It is established that the Parol Evidence Rule is not a rule of evidence but a principle of substantive law. Sherman v. Kaufman, 349 Mass. 606, 610 (1965); Kerwin v. Donaghy, 317 Mass. 559, 566-568 (1945). This characterization of the Rule serves to insure fully the integrity of a written document, for the Rule prohibits not only the introduction of contradictory, extrinsic evidence, but also the consideration of such evidence if it has been erroneously admitted.[2] See *301 generally, Frick Co. v. New England Insulation Co., 347 Mass. 461, 467 (1964); Dekofski v. Leite, 336 Mass. 127, 130 (1957).
2. It is clear that the trial court’s dismissal of the defendants’ draft report herein stemmed from the court’s recognition of the Parol Evidence Rule as a substantive, rather than evidential, legal tenet. Neither the status of the Rule nor the court’s reasons for excluding the proffered evidence were dispositive, however, of the procedural course to be followed by the defendants in mounting their appeal.
The provisions of Dist./Mun. Cts. R. Civ. P., Rule 64 (a) expressly and exclusively dictate both the method for preserving an issue and the form of an appeal “when an objection is made to a ruling on the.. .exclusion of evidence ...” See generally, Cook v. Kozlowski, 351 Mass. 708 (1967); Barton v. Cambridge, 318 Mass. 420, 423 (1945); Fiorino v. Worcester Polytech. Inst., 1981 Mass. App. Div. 47, 48. Rule 64 (a) does not distinguish between rulings made on purely evidentiary principles and those founded in substantive law. The appellate procedures outlined in Rule 64 (a) are mandatory. Gidwanni v. Wasserman, 373 Mass. 162, 167-168 (1977); Union Hospital v. Donatelli, 35 Mass. App. Dec. 187, 195 (1968); Trusteed Funds, Inc. v. O’Neill, 34 Mass. App. Dec. 12, 14 (1966); and their operation is triggered by the simple exclusion of evidence and a timely objection thereto.
As a practical matter, the submission of requests for rulings by the defendants in this case of evidence exclusion would have perhaps served little purpose. The office performed by a Dist./Mun. Cts. R. Civ. P. Rule 64 (b) request for ruling is a separation of the legal from the factual components of a general finding; the disposition of such a request entails the demonstration by a trial justice that he or she has adopted the correct legal principles in arriving at his or her ultimate determination. DiGesse v. Columbia Pontiac Co., Inc., 369 Mass. 99, 103-104 (1975); Graustein v. Dolan, 282 Mass. 579, 583 (1933). A request for ruling on the Parol Evidence Rule herein would not have effectively distinguished between the legal and factual aspects of the trial justice’s judgment for the plaintiff. Such a request by the defendants would have pertained only to excluded evidence and would thus not have been material to any facts or evidence actually adduced at trial and relied upon by the court. A request for ruling unrelated to evidence introduced at trial is properly denied. Kelsey v. Hampton Court Hotel Co., 327 Mass. 150, 153-153 (1951); A.B.C. Realty Assoc. of Braintree v. Oakhem, 59 Mass. App. Dec. 179, 193 (1976); Nelson v. Judd, 49 Mass. App. Dec. 14, 22 (1972). Any attempt by the defendants to contest by means of a requested ruling the actual exclusion of the evidence in question herein would have ensnared them in a hopeless circularity, for such request could have been denied on the very grounds that the evidence was excluded.[3]
3. We express no opinion as to the relative merits of the defendants’ charge of error in the trial court’s exclusion of the evidence in question. The issue dispo-sitive of this case at the present stage is whether the defendants have effectively complied with all provisions of Dist./Mun. Cts. R. Civ. P., Rule 64 governing an appeal to this Division. We hold that the defendants have successfully preserved an issue for appellate consideration by satisfying the procedural requirements of *302 Dist./Mun. Cts. R. Civ. P., Rule 64 (a).
The trial court’s dismissal of the defendants’ draft report is hereby vacated. This case is remanded to the trial court for the settlement of a report, for the submission of written briefs and for the processing of this appeal by the trial court clerk in accordance with Dist./Mun. Cts. R. Civ. P., Rule 64 (f).

So ordered.

 In contrast, for example, hearsay admitted without objection may be properly considered by the fact-finder. Mahoney v. Harley Priv. Hosp., 279 Mass. 96 (1932).

 Conversely, if extrinsic evidence violative of the Parol Evidence Rule is in fact erroneously admitted into evidence, the opposing party must both comply with the requirements of Rule 64(a) and also file a request for ruling directing the court’s attention to the legal impropriety of any consideration of such evidence in the formulation of a general finding. Thus the admission of evidence entails a two-step preservation of appellate rights.