Banks, J.
This is a petition to establish the defendants’ draft report which was disallowed by the trial justice.
The defendants’ petition to establish is hereby denied.
1. The revised draft report submitted to the trial court by the defendants herein is more in the nature of a written brief for the defendants than a concise summary of that evidence adduced at trial which is material to appellate issues. See, generally, Kaps, Inc. v. Sherman, 1983 Mass. App. Div. 24, 25-26; Lopes v. A. Pontes & Sons Construc., Inc., 1981 Mass. App. Div. 199, 201. Unlike the draft report model set forth in Dist./Mun. Cts. R. Civ. P., Form 33, adherence to which is prescribed by Rule 64(c)(2) [Sechrest v. Safiol, 1980 Mass. App. Div. 133, 135; Peabody Action Realty, Inc. v. Falkowski, 50 Mass. App. Dec. 145 (1973); compare Tighe v. Rivera, Mass. App. Div. Adv. Sh. (1979) 143, 144], the defendants’ draft report is divided into two principal sections. The first section recites only evidence favorable to the defendants, while the second section is *122 devoted to challenges to the trial court’s findings and rulings and the defendants’ arguments thereon.
The exclusive reference to evidence introduced by, or favorable to, the plaintiff is contained in the trial court’s subsidiary findings of fact which are appended to the draft report. Such findings, however, are not prefaced by a separate statement of trial evidence, [compare Olofson v. Kilgallon, 362 Mass. 803, 805 (1973)], and thus cannot serve as the requisite evidentiary summary or statement in the draft report at issue. Menotomy Realty Corp. v. French, 55 Mass. App. Dec. 21, 20-21 (1974); Arlington Nat'l Bk. v. Travelers Ins. Co., 52 Mass. App. Dec. 113, 116-117 (1974); McCarey v. Stop & Shop, Inc., 36 Mass. App. Dec. 60, 66 (1966). A clear demarcation between statements of evidence and judicial findings of fact is customarily essential in a draft report, especially where, as in the present case, the appellant seeks to challenge the sufficiency of the evidence to support such findings.[2] White v. Lumbermen's Mut. Cas. Co., 1983 Mass. App. Div. 122, 123; Stone Run Condominium Assoc. v. Brown, 1983 Mass. App. Div. 75, 76.
As the defendants’ draft report fails to contain an accurate and complete summary of all evidence pertinent to appellate issues, such draft report cannot effectively serve as a vehicle for appeal to this Division. The defendants’ draft report was, therefore, properly disallowed. Theurer, Inc. v. Eaton-Turner, Inc., 1983 Mass. App. Div. 115, 116; Lechiara v. Amato, 1980 Mass. App. Div. 117, 118.
2. The fatal deficiencies of the defendants’ draft report are most evident when an attempt is made to consider the defendants’ initial charge of error in the trial court proceedings. The defendants claim to be aggrieved by the court’s qualified allowance of several requests for rulings of law which were inconsistent with, and thus deemed immaterial in view of, the court’s factual findings. Assuming arguendo that the court’s disposition of these requested rulings raises an issue in this case as to the validity of the court’s subsidiary findings, no analysis of such issue can be made on the basis of the defendants’ draft report.
Findings of fact will be sustained if they are supported by a reasonable view of the evidence including all rational inferences of which such evidence is susceptible. T.L. Edwards, Inc. v. Fields, 371 Mass. 895 (1976); Lawton v. Dracousis, 14 Mass. App. Ct. 164 (1982). The defendants’draft report, however, does not contain a complete and accurate summary of the evidence against which the court’s subsidiary findings could be examined. It is obvious that no consideration of these findings could be undertaken solely on the basis of the partial draft report summary which is restricted to evidence favorable to the defendants. Utilization of this evidence alone improperly to impeach the trial court’s contrary findings would constitute an impermissible usurpation of the trial justice’s function as arbiter of the credibility of testimony and the general weight of the evidence. New England Canteen Serv., Inc. v. Ashby, 372 Mass. 671, 675 (1977); Puma v. Gordon, 9 Mass. App. Ct. 489, 492, n.3 (1983); Jancsy v. Hy-Land Realty, Inc., 58 Mass. App. Dec. 152 (1976).
3. The instant petition to establish must also be denied because the draft report which is the subject thereof presents no questions of law for appellate consideration. Onessimo v. Carvelli, 1983 Mass. App. Div. 56, 57.
The defendants claim to be aggrieved by the trial court’s denial of their motion for a directed finding, on the issue of identity, which was submitted at the close of *123 the plaintiffs evidence. Upon the denial of their motion, however, the individual defendants appeared, identified themselves and testified in the trial court. It is established that a defendant who offers evidence after the trial of his Dist./Mun. Cts. R. Civ. P., Rule 41(b)(2) motion for involuntary dismissal “waives his initial motion and the right to appeal any error committed in the disposition of the motion.” 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2371. The obvious justification for this rule is a logical and practical one:
if defendant’s evidence, or plaintiffs cross-examination of defendant’s witnesses, cures a deficiency existing at the end of plaintiffs case, it also cures any error in the failure to allow the original motion. A defendant, therefore, who feels that plaintiffs evidence has not sufficiently supported plaintiffs claim goes forward at the clear risk of himself filling the gaps.
J. SMITH & H. ZOBEL, RULES PRACTICE, § 41.10 (8 M.P.S. 1977), citing A & N Club v. Great Amer. Ins. Co., 404 F.2d 100, 104 (6 cir. 1968).[3]
The defendants have also waived appellate review of the propriety of the trial court’s admission of certain third-party receipts into evidence. Rule 64(a) of the Dist./Mun. Cts. R. Civ. P. mandates an exclusive procedure for the preservation and reporting of evidentiaryissues to this Division. Massachusetts Bldg. Finish Co. v. Brenner, 288 Mass. 481, 484 (1934); Photiou v. Del Sordo, 1982 Mass. App. Div. 251, 251. An examination of the docket in this case establishes that the defendants failed to file a written request for report on their evidentiary objections within five days after trial as prescribed by Rule 64(a). Such non-compliance constituted a forfeiture of any right to appellate consideration of the rulings in question. Cook v. Kozlowski, 351 Mass. 697 (1967); Santosuosso v. DeCarolis, 1983 Mass. App. Div. 300, 301.
No question of law was raised by the trial court’s denial of the defendants’ Dist./Mun. Cts. R. Civ. P., Rule 59 motion for a new trial. The sole basis for this motion was a charge of error in the court’s evidentiary rulings. The defendants could not revive under Rule 59 for this Division’s consideration an issue they had previously waived through a disregard of the provisions of Rule 64(a).
Finally, the defendants’ motion to amend the judgment by substituting certain alleged facts for those included in the court’s findings was addressed to the discretiion of the trial justice. Pascuito v. Mele, 1982 Mass. App. Div. 57, 59 (1982). Absent clear evidence of abuse, the exercise of judicial discretion pursuant to Dist./Mun. Cts. R. Civ. R, Rule 52(b) presents no question of law for appellate consideration.
4. The defendants’ petition to establish is denied.

As the defendants failed to file a request for ruling to test the sufficiency of the evidence, however, they would be precluded from raising this issue on appeal. Kipuros v. Kokoras, 1980 Mass. App. Div. 41, 43.

The trial justice specifically found in response to defendants’ request for ruling number 8 on the question of identity that “the defendants appeared before me and identified themselves as having received the merchandise." As noted above, anyissue as to the validity ofthis finding has been waived by the defendants’ failure to perfect a Dist./Mun. Cts. R. Civ. P., Rule 64 appeal.