McGuane, J.
This is an action wherein the plaintiff seeks recovery for the' rental and value of certain compressed air cylinders.
The answer denied the substance of the complaint and raised the defense of statute of limitations.
The trial justice, after trial, treated the defendant’s Motion for Directed Findings as a Motion for Involuntary Dismissal under District/Municipal-Court Rules of Civil Procedure, Rule 41(b)(2), made Findings of Fact and Rulings of Law, and entered judgment for defendant. After examining the' rulings and findings of the trial justice, we find no error and the report is dismissed.
In reviewing this matter, we find that the trial'justice’s Findings of Fact are reasonable findings based on the evidence and testimony of the plaintiff. A judge’s Findings of Fact are to be sustained if they are supported by a reasonable view of the evidence including all rational inferences of which such evidence is susceptible. T. L. Edwards, Inc. v. Fields, 371 Mass. 895 (1976) and Lawton v. Dracousis 14 Mass. App. Ct. 164 (1982).
Further the plaintiffs Motion to Amend the Judgment by substituting certain alleged facts for those included in the Court’s findings is addressed to the discretion of the trial justice. Pascuito v. Mele, 1982 Mass. App. Div. 57, 59.
Since the trial justice treated the Motion for Involuntary Dismissal under Rule 41(b)(2) as requested by the defendant and made Findings of Fact on the merits plaintiff claims to be aggrieved by:
The court’s allowance of defendant’s Motion to Dismiss under Rule 41 (b)(2) *167 and the Court’s findings and rulings 6, 7, 8, 10.
The court’s findings No. 6,7,8 are all requests for findings of fact and are not a proper matter of review, (citations.omitted)
Based on the trial court’s Findings of Facts in connection with the defendant’s Motion to Dismiss under Dist./Mun. Cts. R. Civ. P., Rule 41(b)(2), the court is required to make findings of fact and then render judgment on the merits.
Under Rule 41(b)(2) however, “a trial justice is not limited to that standard of proof required for a directed verdict (citations omitted); rather the judge is free to weigh the evidence and resolve all questions of credibility, ambiguity and contradiction in reaching a decision”. Ryan, Elliott & Co. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686 (1979).
Finding no error by the trial justice, we do not reach the request for ruling #10, since the trial judge’s action on the motion makes that question moot.
Report dismissed.