Anderson, RJ.
Potella Kirk sued Orlando Chambers for injuries she sustained because of a hit and run automobile accident Defendant Chambers appeals from the trial judge’s denial of the Defendants motion to dismiss Plaintiffs complaint at the close of the Plaintiff’s case pursuant to Mass. R. Civ. E, Rule 41(b) (2). This is an appeal on the record filed pursuant to Rule 8C of the Dist/Mun. Cts. R. A. D. A We find that the trial judge had discretion under Rule 41 (b) (2) to wait until after the Defendant presented evidence before ruling and that the Defendants decision to present evidence rendered moot any error in denying the motion to dismiss. We therefore affirm.
1. Procedural history of the appeal. On April 6, 2006, the day before oral argument in this case, the Plaintiff-Appellee filed her brief and a motion to allow late filing. This court found no good cause for her tardiness, declined to exercise its discretion under Dist./Mun. Cts. R. A. D. A., Rule 2[1] and denied the motion. The court, however, did give the Plaintiff permission to make oral argument. Dist./ Mun. Cts. R. A. D. A., Rule 19(c).
2. Factual and procedural background. In a bench trial, the Plaintiff adduced the following facts during her case in chief: Between 5:30 and 6:00 p.m. on May 28, 2003 the Plaintiff was driving her car on Gallivan Boulevard in Dorchester and stopped for a red light. There were a few cars in front of her. An automobile quickly approached from behind, rear-ended her car and, without stopping, turned left onto a side street and disappeared. The Plaintiff was not able to identify who was driving or the make, model or color of the automobile. She did obtain a license plate number which she later gave to a State Police trooper. She did not know if it was a Massachusetts plate. Two independent witnesses saw the hit and run rear-end collision but could only say that the car had a Massachusetts license plate and was a dark, or black, sedan. One witness testified that the driver was African-American but neither could provide any other identifying information.
The Plaintiff testified to certain injuries caused by the collision and treatment she underwent.
Before the Plaintiff presented any evidence, the Defendant requested the court' in a written motion in limine to prohibit introduction of the trooper’s police report. When the Plaintiffs attorney said she was not seeking to introduce the police report, the Defendant argued that the Plaintiff’s operator’s report should also be barred because the identification of the Defendant as the operator of the motor vehicle in that report came directly from the police report. The court’s response was ambiguous. The trial judge denied the motion as “moot” and “waived,” but then opined that “operators reports do not come in.” (Tr. 5-8)
*106 The issue of the Plaintiffs identification of the Defendant being based solely on the police report arose again during the direct examination of the Plaintiff:
Q. Ms. Kirk, on the operator’s report in section D, you have information filled out with regards to the other vehicle that was involved in the accident. Now where did you obtain this information?
MR. SNYDER: Objection, your Honor.
THE COURT: Its leading, so just change the format. A very simple question. Whom did you identify as the other operator, or what indicia did you have that you put on your operator’s report as to the other operator.
THE WITNESS: Whom did I identify the operator as?
THE COURT:Yes.
THE WITNESS: Orlando Chambers.
(Tr. 18)
The Defendant then objected and the court overruled the objection. The Plaintiff continued with her case and there was no further identification of the Defendant.
After the Plaintiff rested, the Defendant filed a motion to dismiss under Mass. R. Civ. E, Rule 41 (b) (2). He argued that there was insufficient evidence that he was the operator of the negligent vehicle. The court did not rule on the motion and asked defense counsel to call a witness. The Defendant presented his case. The court denied the 41 (b) (2) motion at the close of the case and eight days later found for the Plaintiff and awarded damages and costs in the total of $9,513.75. The Defendant then appealed.
3. Applicable law. After a plaintiff in a bench trial has completed presentation of his or her evidence, the defendant has two methods to seek dismissal for the legal insufficiency of the evidence. The first is to move for a directed verdict as in a jury case. The court must decide the motion before asking the defendant to put on a case. In ruling on the motion the court must construe the evidence entirely in favor of the plaintiff. The second method is a motion for involuntary dismissal filed under Rule 41(b) (2). The standard is “that upon the facts and the law the plaintiff has shown no right to relief’ (Emphasis added) Connors and Perun, Handbook of Civil Procedure in the Massachusetts District Court, §9.36. The judge is therefore free to weigh the evidence and decide issues such as credibility. Ryan, Elliott & Co., Inc. v. Leggat, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 689 (1979). The judge has tire discretion whether to rule at the close of the plaintiff’s case or at the end of the trial. If the defendant chooses to offer evidence, the defendant runs the risk that the defendants case or the plaintiff’s cross-examination will fill in any gaps in the plaintiffs case, therefore wiping out any error in the failure to allow the motion at the close of the plaintiff’s case. Concord Oil Co. v. Palmer, 1984 Mass. App. Div. 121, 123. See also 9 Wright and Miller, Federal Practice and Procedure §2371 for a discussion of the applicable federal rules.
In this case, the Plaintiff in her case in chief failed to present any admissible evidence as to the identity of the tortfeasor. The court erred in admitting the Plaintiff’s testimony that the Defendant was the operator since it derived from a hearsay source. The Defendant, however, waived that error by presenting evidence after the courf s failure to rule favorably on the Rule 41 (b) (2) motion. At the close of the case the court weighed all of the evidence heard throughout the entire trial and rendered judgment for the Plaintiff as permitted by 41 (b) (2). The Defendant in his appeal does not challenge the legal sufficiency of a ruling for Plaintiff based on the entirety of the evidence. We therefore affirm.

 Dist./Mun. Cts. R. A D. A, Rule 19(d) does not provide for late filing and service of briefs in appeals pursuant to Rule 8C. Therefore Rule 2 is the sole authority for the court to permit a late filing, should it choose to exercise its discretion.